ALBERT A. KEITH *vs.* R. R. BRIGGS.

June 12, 1884.

**Practice—Change of Venue—Convenience of Witnesses — Waiver.—**
Defendant applied for a change of venue under Laws 1881, *c.* 132.
Plaintiff, by affidavits, resisted on the ground of convenience of witnesses.
Without objecting to such resistance, defendant put in counter-affidavits
upon the question of convenience of witnesses. *Held,* that this was a
waiver by defendant of any strict right to insist upon his application
without reference to any other consideration than the fact that his co-
defendant had been joined with him for the purpose of evading the
statute as to change of venue, and also a consent that the question
whether the convenience of witnesses required the case to be tried in
Winona county, where it was pending, might then and there be heard
together with his application.

**Deed—Consideration—Parol Testimony.—***Jordan* v. *White,* 20 Minn. 77,
(91,) followed upon the point that it is competent to show by parol a con-
sideration for a deed different from and not inconsistent with that ex-
pressed in it.

**Practice—Refusal to Dismiss Action—Error Cured.—***Berkey* v. *Judd,*
22 Minn. 287, and *Deakin* v. *Chicago, Mil. & St. Paul Ry. Co.,* 27 Minn.
303, followed upon the point that any error in refusing to dismiss an ac-
tion at the close of the plaintiff's case, for deficiency of evidence, is cured
by the subsequent introduction of proper testimony by which the defi-
ciency is supplied.

Plaintiff, as assignee of one Heffernan, brought this action in Sep-
tember, 1882, in the district court for Winona county, alleging that
in July, 1874, Heffernan, being owner of a certain note for $1,000,
secured by mortgage on real estate in that county, assigned both
note and mortgage to defendant Briggs, upon an agreement that he
should pay Heffernan whatever he could collect or realize on the
note and mortgage as soon as collected or realized; that in March,
1875, defendant Briggs foreclosed the mortgage, bid off the property
in his own name for $800, and in May, 1877, (there having been no
redemption,) sold the property to one Morgan for $900, no part of
which has been paid to plaintiff, except $50, paid October 10, 1876.

The complaint also states that on October 10, 1876, plaintiff being indebted by judgment to one Cater, the defendant Briggs procured an assignment of the judgment to be made to defendant Simpson, the latter agreeing to pay Briggs therefor $250; that Simpson thereupon paid Cater, at Briggs' request, $50, and has never paid the balance. Judgment is asked that the amount due from Simpson to Briggs may be ascertained, and Simpson be ordered to pay it into court to apply on such judgment as plaintiff should recover against Briggs, and that plaintiff have judgment against Briggs for $850, with interest and costs.

Plaintiff resided in Hennepin county, defendant Simpson in Winona county, and defendant Briggs in Clay county, and, before answering, the latter demanded in writing a change of venue to Clay county, and duly filed the undertaking required by Laws 1881, *c.* 132, to indemnify defendant Simpson. Thereafter the defendant Briggs moved for a change of venue as demanded; the motion was opposed on affidavits showing that all necessary witnesses (some of whom are named and the substance of their expected testimony stated) reside in Winona county, nearly 400 miles distant from the county seat of Clay county. The motion was denied, and the action tried before *Start,* J., and a jury. The plaintiff introduced in evidence the assignment from Heffernan to defendant Briggs, which was in writing, sealed, attested, acknowledged, and recorded, and purported to be made "in consideration of the sum of one thousand dollars to me in hand paid by R. R. Briggs," and also introduced (under objection and exception) parol testimony to the effect that the agreement between Briggs and Heffernan was that the former, when he should sell the property, should pay over to the latter the amount received on such sale, whatever it might be, less his fees. The action was dismissed by plaintiff as against defendant Simpson. The plaintiff had a verdict against defendant Briggs, a new trial was refused, and defendant Briggs appealed.

*Warner & Stevens,* for appellant.

*M. B. Webber,* for respondent.

BERRY, J. Defendant applied for a change of venue, under Laws 1881, *c.* 132. Plaintiff resisted on the ground of convenience of wit-

nesses. · Whether, if the defendant had taken objection to this mode of resistance, and had rested upon his strict rights under his application, it would have been competent for the court to have denied the same, or to have permitted the plaintiff to resist it upon the ground above mentioned, we are not called upon to inquire. So far from taking any such objection, the defendant appears to have furnished counter-affidavits upon the question of the convenience of witnesses. This was a waiver of any strict right which he might have had to insist upon the granting of his application, without reference to any consideration except the fact that his co-defendant Simpson had been joined with him for the purpose of evading the statute as to change of venue; and it was also a consent that the question whether the convenience of witnesses required the case to be tried in Winona county, might then and there be heard before the court sitting in and for that county. If a change of venue had been made to Clay county, (as prayed,) there is no doubt that it would have been proper for the plaintiff there to have moved that the venue be changed a second time, and the case returned to Winona county for trial, for convenience of witnesses. And there is no reason why it was not competent for the parties (if they saw fit, as they did in this case) to submit the whole question of venue at once to the general jurisdiction of the district court of Winona county.

Most of the exceptions taken by defendant which require consideration here may fairly be disposed of with comparative brevity.

1. It was entirely competent to show by parol a consideration for the deed of assignment from Heffernan to defendant, different from and not inconsistent with that therein expressed. *Jordan* v. *White,* 20 Minn. 77, (91.)

2. Any error in refusing to dismiss an action at the close of a plaintiff's case in chief for deficiency of evidence is cured by the subsequent introduction of proper testimony, by which the deficiency is supplied. *Berkey* v. *Judd,* 22 Minn. 287; *Deakin* v. *Chicago, Mil. & St. Paul Ry. Co.,* 27 Minn. 303. We agree with the learned trial judge that the variance between the complaint and the testimony, as to the consideration of the assignment, was not substantial, and could not have prejudiced the defendant. It might properly be dis-

regarded, or cured by the amendment which the court permitted. Upon this basis we are inclined to believe that there was no want of evidence to sustain the plaintiff's claim at the close of his case in chief. If, however, there was such want, it was supplied by the evidence subsequently received. As respects the statute of limitations, it appears to us, as to the judge below, that upon the evidence the defendant may fairly be taken to have received the assignment on terms by which his duty to pay over to Heffernan dated from May, 1877, when he sold to Morgan. This action was commenced in less than six years after that date.

3. We see no occasion to criticise the action of the trial court in reference to the proposed amendment of the answer. For the reason assigned by the trial judge, we think the discretion intrusted to him in such cases was not improperly exercised.

This conclusion disposes of the several errors (in excluding evidence and in the charge) assigned in the sixth subdivision of defendant's brief. The evidence excluded was irrelevant, and the instruction complained of went upon that theory.

4. As there appears to have been no substantial attack on the written assignment of Heffernan to the plaintiff, there was no error in the instruction to the effect that the plaintiff had acquired whatever cause of action Heffernan had against the defendant.

5. We fully agree with the learned district judge as to the failure of defendant to show proper diligence in endeavoring to discover the newly-discovered evidence, on account of which, among other things, he asks for a new trial. On the contrary, the affidavits, to our minds, affirmatively disclose a want of ordinary diligence and prudence on the part of the defendant himself in preparing his case for trial, by looking up the evidence necessary to sustain his defence,—evidence, too, which would appear to have been wholly within his own knowledge. We observe, further, that the newly-discovered evidence is admitted in defendant's brief to have been cumulative, and much of it is contradicted by the opposing affidavits on plaintiff's part.

The failure to ascertain the time when the regular term of the district court in Winona county would be held, is not, in our judgment, excused.

These are all the matters of which we deem it necessary to speak specially in this opinion.

Order affirmed.