ALBERT SCHULTZ

*v.*

THE PLANKINTON BANK.

*Filed at Ottawa March 24, 1892.*

1. MORTGAGE—*securing several notes—priority of lien.* Where a mortgage is given to secure the payment of several promissory notes maturing at different dates, the notes will be entitled to priority of payment, from the proceeds of the mortgaged property, in the order in which they respectively fall due. The note first due will have the first lien on the property for its payment.

2. SAME—*mortgage and notes construed together.* Where a mortgage is given to secure the payment of notes, the mortgage and notes must be construed together as one instrument or contract.

3. SAME—*parol evidence as to priority of lien not admissible.* Where a party gives a chattel mortgage to secure the payment of several of his notes maturing at different dates, parol evidence of an agreement made at the time the mortgage is given, that on a foreclosure sale the proceeds shall be first applied on one of the notes last maturing, to relieve the indorsee of the same, is not admissible in favor of the indorser, though he is no party to the mortgage.

4. SAME—*third party relying on, no right to contradict.* Where one introduces in evidence and relies upon a chattel mortgage, in respect of which he was not a party, he will have no more right to introduce parol evidence to vary or contradict the terms of the mortgage than if he were a party to such instrument.

5. PAROL EVIDENCE—*to vary written contract.* Parol evidence is not admissible to vary or contradict the terms of a written agreement.

6. SAME—*showing consideration by parol evidence.* Where the consideration expressed in a deed or mortgage is in dispute, it may be shown by parol evidence what the real consideration was, but not for the purpose of changing or varying the terms of the contract.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

This was an action of assumpsit, brought by the Plankinton Bank, against Albert Schultz, as indorser of a promissory note, which reads as follows:

"MILWAUKEE, *June 18, 1888.*

"Ninety days after date I promise to pay to the order of Albert Schultz two thousand dollars, payable at the Plankinton Bank. Value received.

HENRY SCHULTZ.

Indorsed—Albert Schultz."

At the time the note was executed, Henry Schultz was doing business in Milwaukee, Wisconsin, under the style of "The H. Schultz Cloak Manufacturing Company," and was indebted to the Plankinton Bank of Milwaukee. He desired to secure more money from the bank, and in order to do this, asked his son, Albert Schultz, to indorse his note to the bank for $2000, which he did, and the note was accordingly executed, indorsed and delivered to the bank.

On the 19th day of July, 1888, Henry Schultz, for the purpose of securing his indebtedness to the bank, executed and delivered a chattel mortgage on his goods and personal property. The mortgage was in the usual form, and after describing the property conveyed, contained the following provision:

"To have and to hold the same forever, upon condition that if said mortgagor shall pay to said mortgagee the sum of $175.44 now owing said mortgagee by said mortgagor for an overdraft to that amount of his deposit account by him kept with said bank and mortgagee, on demand, and with interest thereon from the date hereof, and the further sum of $7500 owing said mortgagee by said mortgagor upon his certain five several promissory notes now held and owned by said bank, mortgagee, on all of which notes said mortgagor is liable as maker, which said notes are more particularly described as follows: Note for $2500, dated March 3, 1888, bearing interest at seven per cent, due on demand; note for $500, dated May 12, 1888, bearing interest at seven per cent, due August 13, 1888; note for $1250, dated June 18, 1888, bearing interest at seven per cent, due September 19, 1888; note for $2000, dated June 18, 1888, bearing interest at seven per cent, due September 19, 1888; note for $1250, dated July 14,

o

1888, bearing interest at seven per cent, due October 15,—then these presents shall cease and be void."

On the 3d day of August, 1888, Schultz being unable to pay, the mortgaged property was sold by the bank, with the written consent of Schultz, for the sum of $2900, and the money realized was applied on the mortgage indebtedness in the order in which it matured. Nothing having been paid on the note bearing date June 18, 1888, and Schultz, after the sale of his property, being insolvent, this suit was brought against the defendant, as indorser of that note.

Before the commencement of the trial, defendant entered a motion for a continuance of the cause, and in support of the motion filed an affidavit, the material portion of which was as follows: "That said Henry Schultz was, on' or about the 19th day of July, 1888, indebted to said plaintiff in the sum of about $7500, including the note in controversy; that said amount was represented by five or more promissory notes, of various sums; that at said time said Henry Schultz was engaged in said city of Milwaukee in the business of manufacturing and selling cloaks, and at said time said Henry Schultz was indebted to divers other parties in various other sums, aggregating several thousands of dollars; that at said time said Henry Schultz was unable to promptly pay such indebtedness;  *  *  *  that said Henry Schultz insisted to said plaintiff that it was his moral and legal duty to take care first of the accommodation paper so as aforesaid executed and delivered by this deponent, and which is the note in controversy, before protecting or securing the said plaintiff; that thereupon the plaintiff agreed with said Henry Schultz, that if the said Henry Schultz would make such transfer, as requested by said plaintiff, said plaintiff would, out of the proceeds of the property so to be transferred, first pay off and take up the said accommodation note of this defendant, being the note in controversy; that said Schultz would not have made a transfer as thus requested, to said plaintiff, if such agreement had

not been made, but relying upon such agreement said Henry Schultz did make such transfer of all his property to said plaintiff, upon the express understanding and agreement with said plaintiff that said plaintiff would convert said property into cash, and out of the same first pay the said note of this defendant." The affidavit further sets up that the property was sold and converted into cash, but the plaintiff failed and refused to apply the proceeds on the note.

For the purpose of avoiding a continuance the plaintiff admitted the affidavit, and a trial was had before the court without a jury, and the court rendered a judgment for the plaintiff for the amount due on the note, and the judgment was affirmed in the Appellate Court.

Messrs. KRAUS, MAYER & STEIN, for the plaintiff in error:

The agreement of Henry Schultz with the bank, that the proceeds of the sale of his goods should be first applied in satisfaction of Albert Schultz's note, was one competent for the parties to make. *Walker* v. *Dement,* 42 Ill. 276; *Gardner* v. *Diederichs,* 41 id. 169; *Marseilles Manf. Co.* v. *Rockford Plow Co.* 26 Ill. App. 204.

In all the cases the rule of payment in the order of maturity is confined to cases where there is no agreement to the contrary. *Vansant* v. *Allmon,* 23 Ill. 30; *Funk* v. *McReynolds,* 33 id. 481; *Koester* v. *Burke,* 81 id. 439.

Parol evidence of the agreement giving Albert's note priority of payment is admissible, notwithstanding the mortgage, because the agreement was wholly collateral to the mortgage. *Fant* v. *Sprigg,* 50 Md. 551; *Andrews* v. *Brewster,* 9 N. Y. 120; *Issacs* v. *Jacobs,* 8 id. 344; *Van Brunt* v. *Day,* 81 id. 251; *Lockett* v. *Child,* 11 Ala. 640; *Talcott* v. *Grant Wire and Spring Co.* 131 Ill. 254.

Parol evidence is admissible to show that a chattel mortgage, which on its face secures the payment of a particular sum of money, was given to secure the payment of a note

signed as surety for the mortgagor by the mortgagee. *Chester* v. *Bank*, 16 N. Y. 336; *McKinster* v. *Babcock*, 26 id. 378.

Parol evidence is admissible to show that, as a condition of delivery or acceptance of a deed without covenants, defendant orally promised to pay an incumbrance. *Remington* v. *Palmer*, 62 N. Y. 32; 1 Hun, 619.

Parol evidence was admissible because the agreement was the consideration and inducement of the mortgage. *Michels* v. *Olmstead*, 14 Fed. Rep. 219; *Morris* v. *Tillson*, 81 Ill. 616; *Mann* v. *Smyser*, 76 id. 366; Jones on Chattel Mortgages, (3d ed.) sec. 90; *Prescott* v. *King*, 2 Seld. 147; *McKinster* v. *Babcock*, 26 N. Y. 378; *Brown* v. *Morange*, 108 Pa. St. 69; *Walker* v. *Franz*, 112 id. 203.

Albert Schultz, being no party or privy to the mortgage, may contradict it by parol, or otherwise. *Norton* v. *Keogh*, 42 Hun, 611; *McMaster* v. *Insurance Co.* 55 N. Y. 234; *Talbot* v. *Wilkins*, 31 Ark. 42; *Badger* v. *Jones*, 12 Pick. 371; *Johnson* v. *Blackman*, 11 Conn. 35; 1 Greenleaf on Evidence, sec. 279; *Manufacturing Co.* v. *Wire Fence Co.* 109 Ill. 79; *Cunningham* v. *Milner*, 56 Ala. 523.

Messrs. Moses & Pam, for the defendant in error.

Mr. Justice Craig delivered the opinion of the Court:

On the trial the court excluded the parol agreement set up in the affidavit for a continuance, and, on the propositions of law submitted, held that a parol agreement entered into at the time the mortgage was executed was not admissible to vary the contract between the bank and Henry Schultz, embraced in the chattel mortgage, and the propriety of this ruling is the principal question presented by the record for our consideration.

Parol evidence is not admissible to vary or contradict the terms of a written agreement. This principle of law is so well understood and so thoroughly settled that it will not be

necessary to cite authorities in its support. What did the defendant undertake to prove as a defense to the note? Upon an examination of the affidavit relied upon, it will be found that the defendant undertook to show that at the time Schultz executed and delivered to the bank a chattel mortgage to secure an overdraft of $175.44 and five promissory notes, including the one in suit, it was agreed between Schultz and the bank, that when the property embraced in the mortgage was sold, the note in suit should be first paid from the proceeds of the sale of the mortgaged property. If the alleged agreement had been incorporated in the mortgage, of course it would have been binding; but it was not, and the question is, whether a parol agreement made at the same time the mortgage was executed is admissible for the purpose for which it was offered.

In disposing of this question the mortgage, and the promissory notes described in the mortgage, must be considered together and treated as one instrument. When this is done, it appears upon the face of the mortgage, by its terms, that the property therein described was conveyed by Henry Schultz to the bank, to secure, first, an overdraft of $175.44; second, a note for $2500, dated March 3, 1888, and due on demand; third, a note for $500, due August 13, 1888; fourth, a note for $1250, due September 19, 1888; fifth, a note for $2000, due September 19, 1888; and sixth, a note for $1250, due October 15, 1888. These notes were all executed by Henry Schultz, and the several amounts therein specified he promised to pay on the date named in each note. The mortgage and the notes constituted a contract in writing between Henry Schultz, the mortgagor, and the Plankinton Bank, the mortgagee. As stated before, the mortgage was given to secure several notes, which became due and payable at different dates. The law is well settled, by the decisions of this court as well as by the decisions of other courts, that where a mortgage is given to secure the payment of several promissory

notes maturing at different dates, the notes are entitled to priority of payment from the proceeds of the property embraced in the mortgage, in the order in which they respectively become due and payable. The first becoming due has the first lien on the mortgaged property for payment, the next note becoming due will have the second lien, and so on to the last. *Vansant* v. *Allmon*, 23 Ill. 31; *Walker* v. *Dement*, 42 id. 272; *Gardner* v. *Diederichs*, 41 id. 158.

The rule on this subject is well stated in *State Bank* v. *Tweedy*, 8 Black, 447, where it is held that the different installments in a mortgage, where secured by corresponding notes, may be regarded as so many successive mortgages, each having priority, according to its time of becoming payable. Applying this rule of construction to the mortgage in question, $3000 of the mortgage indebtedness, in addition to the overdraft, became due before the note indorsed by the defendant, and that amount was entitled to be paid out of the proceeds of the mortgaged property before the bank was under any obligation to apply any of the proceeds on the note indorsed by the defendant, which would exhaust all the proceeds of the mortgaged property, and leave nothing to apply on the note indorsed by the defendant. But if the parol agreement made at the same time the mortgage was executed is admissible, what is the result? The terms of the mortgage—the written contract between the parties—are changed by the parol evidence, and the note which stands in the fifth order of payment is advanced to the first. We are aware of no rule of law under which this can be done. Indeed, the admission of the evidence would violate one of the elementary rules of evidence.

But it is said, the agreement proposed to be proved is collateral to the mortgage, and upon that ground it is admissible. The parol agreement was made at the same time the mortgage was executed. It was made by and between the mortgagor and mortgagee. It related to the same subject embraced in

the mortgage contract, and it is nothing but a part and parcel of the mortgage contract, which the parties failed to incorporate therein as a part of their contract.

It is also said, the parol agreement was the consideration for the mortgage, and under the general rule, which admits parol evidence to explain the consideration in a deed or show a different consideration from the one expressed, this evidence may be admitted.    It is a well understood rule that parol evidence may be given to explain a receipt, and upon the same principle the acknowledgment of the receipt of a certain consideration expressed in a deed may be changed or varied by parol evidence.    But that doctrine has no application to the question involved here.    The consideration named in the mortgage was not in dispute.    Whether it was one sum or another had no special bearing on the case.    The offered evidence had no bearing on the consideration of the mortgage.    Its object and only purpose was to change the terms of the mortgage in regard to the payment of the notes described in the mortgage, and as such it was not admissible on the pretense that it had a bearing on the consideration named in the mortgage.

But it is said, the defendant is not a party to the mortgage or in privity with a party to it, and being a stranger he may contradict it, by parol or otherwise.    It is true that the defendant is not a party to the mortgage, but he claims under it.    He introduced it in evidence.    Indeed, the mortgage is the foundation of the defendant's claim.    Take the mortgage out of the case and the defendant has no ground whatever to stand upon.    Claiming, then, as defendant does, under the mortgage, and under a contract alleged to have been made by the mortgagor and mortgagee at the time the mortgage was executed, he has no more right to introduce evidence to vary or contradict the terms of the mortgage than he would if he was a party to the instrument.

Many authorities have been cited by counsel, in their argument, to sustain their position.    These authorities have been

examined, and the questions presented have been carefully considered, but we perceive no ground upon which the parol agreement set up in the affidavit can be admitted in evidence. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*