[No. 4957.   Decided February 21, 1905.]

JAMES N. WINDSOR *et al., Respondents,* v. ST. PAUL,
'MINNEAPOLIS & MANITOBA RAILWAY COMPANY,

*Appellant.*[1]

EVIDENCE—WRITTEN CONTRACTS—VARYING BY PAROL—ADDITIONAL
CONSIDERATION.   While the terms of a written contract may not be
varied by parol, it is competent to show that, at the time of the
making of a written contract of sale of land to a railroad com-
pany for a specified consideration, there was a collateral oral
agreement to the effect that certain fences and guards were to be

[1]Reported in 79 Pac. 613.

built and maintained by the company as part of the consideration for the sale, since oral testimony is competent to show a consideration additional to that expressed in the contract.

Same—Principal and Agent—Disputing Authority—Ratification. Where a railroad company accepts a deed of land purchased for it by an agent, it cannot dispute the agent's authority to agree to pay a consideration additional to that recited as the consideration in the deed.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered July 8, 1903, upon the verdict of a jury rendered in favor of the plaintiffs for damages for breach of contract, after a trial on the merits. Affirmed.

*M. J. Gordon* and *C. A. Murray,* for appellant.

*Samuel R. Stern,* for respondents.

Dunbar, J.—The complaint alleges, in substance, the ownership of a certain quarter section of land; that appellant, being desirous of acquiring certain additional rights, agreed with respondents to put up suitable gates and fencing, and, in consideration of such agreement, respondents deeded to appellant seven acres of said land, all upon condition that said property should be properly fenced and proper gates erected, so that no damage could ensue to respondents by reason of cattle or horses straying upon said property; that, by reason of the failure of appellant to erect said gates and build said fences, cattle and horses were enabled to, and did, stray upon a portion of respondents' property, and destroyed growing crops and grass growing thereon, to respondents' damage in the sum of $1,250. Appellant answered, denying that it made any such agreement, or that said land was deeded for any consideration other than cash consideration, paid to plaintiffs for said land. Judgment was rendered, in favor of respondents, for $366.

It appears that one Des Brisay, the right of way agent for appellant, had, for a term of some two years, been trying to negotiate with respondents for the additional right of way which was finally obtained, but they reached no agreement. Afterwards, according to the testimony of the respondents, Des Brisay sent one Hirst, who was an employee of the railroad company in some capacity, to respondents to see if the deal could not be consummated. Respondents entered into a contract in writing with Hirst, presuming him to be the agent of the company. This contract was signed, one dollar paid by Hirst to bind the contract, and the deed was afterwards made in pursuance of the condition of the contract.

According to the testimony of the respondent James N. Windsor, he had, at all times when the matter was spoken of, insisted that he would not sell the land, unless the railroad company would put in guards and fences to preserve the crops. Several propositions had passed between the agent and Windsor, prior to the time the contract was finally entered into. The contract was finally made without any reservation, or any provision in reference to the building of fences by the company, but testimony was introduced showing that there was a collateral oral agreement to the effect that the fences and the guards were to be built and maintained by the company. In fact, there was pinned to the agreement, which was brought there by Hirst through the direction of Des Brisay, a statement from Des Brisay that, if Windsor would sign the agreement, the railroad company would build the fences and guards, as Windsor had previously demanded. According to the testimony of Windsor, and other members of his family, this attached statement was lost, and it was not produced at the trial. The testimony of Des Brisay was to the effect that, in such appended agreement, he did

not agree to build the fences, but only agreed to put a crossing in on the land where Windsor had previously asserted that he wanted it placed, and that the agreement said nothing about fencing the land. It is also testified by the respondents, and other witnesses, that Mr. Hirst represented to Windsor that, if he signed the contract, the fencing would be made by the company according to his desires. Whereupon Windsor called several persons forward as witnesses, stating that he signed the contract on the condition that the land deeded was to be fenced by the railroad company. Mr. Hirst does not deny this, but he says that he simply told Mr. Windsor that the company was fencing all its lands as fast as it could, and he had no doubt that it would fence this particular land; and further than that he had no authority to speak. On all these questions of fact, as to what the agreement actually contained, as to what Mr. Hirst and Mr. Windsor respectively said, at the time the contract was entered into, the jury have passed, and we will not discuss them further.

It is contended, however, by the appellant, and that is the main contention in this case, that its objection to the testimony, in relation to the oral agreement which was made by the appellant, ought to have been sustained by the court, and that the court erred in not sustaining it. It is true, beyond dispute, that the general rule is that the terms of a written agreement cannot be contradicted or varied by oral testimony. This is upon the theory that all the propositions which have been discussed pro and con between the parties to the contract have been finally merged in the written agreement, and it becomes the express mutual contract of the parties; and this rule is salutary for the purpose of giving stability and credibility to written contracts. It is also true that, where the written contract undertakes to express all the conditions surrounding the

transaction with reference to which the parties are contracting, oral testimony in regard to those transactions is inadmissible. But it is equally well established that matters which are independent of the contract may be proven by oral testimony. The trouble in each particular case is to determine whether the case falls within the general rule or within the exceptions to it.

The appellant in this instance relies largely upon the decision of this court in *Gordon v. Parke etc. Mach. Co.*, 10 Wash. 18, 38 Pac. 755, where it was held that a written contract, which enters minutely into the details of the agreement between the parties, indicates on its face that all its terms have been reduced to writing, and it cannot be added to or varied by parol proof of agreements that are in no wise collateral to, or independent of, its subject matter. In that case there was a sale of goods, made in writing, and an oral contract between the parties to the effect that, in consideration of such contract of sale, the seller would not engage in the same business in the same city, and it was held that that was not such a collateral undertaking as to permit parol proof thereof in explanation of the written contract. But the court said:

"Now the contract here to be considered was one of great detail, and entered minutely into all the matters undertaken by both parties, and was executed by both. It covered the sale of the stock, accounts and lease of the place of business of the appellant in Spokane, with its furniture, fixtures and books. The complaint says that the respondent's purpose in making the purchase was to continue business in the same line theretofore followed by appellant, in Spokane, with the merchandise to be sold to him, and that the object of the agreement that appellant would no longer carry on business at that place was to prevent competition with him in the disposal of the goods acquired by him. If so, then, to the extent that the agreement referred to the goods which were the subject of the contract, it was

certainly not collateral or independent, and we should expect to find some mention of the arrangement in a contract so precise in its terms and so formally drawn as this one. Not finding it there, the law concludes that the agreement alleged was not made, however much the appellant may have intended not to re-open business in Spokane."

But it seems to us that that is not a parallel case in principle with the one at bar. Here there is no detail expressed in the written contract. It was a plain contract of sale, expressing only the consideration of $280, and did not undertake to enter into any description, or to delineate the conditions surrounding the lands sold, in any way. It is well established that oral testimony may be introduced to show consideration additional to that expressed in the contract. A case which is very nearly parallel to the one at bar is *Kickland v. Menasha Wooden Ware Co.*, 68 Wis. 34, 31 N. W. 471, 60 Am. Rep. 831, where it was squarely held that a consideration for a fence additional to that recited in the deed might be shown, and it was said:

"It seems to be well settled that it is competent to prove by parol what the real consideration agreed to be paid was, and to show that the same, or some part of it, remains unpaid, though not thereby to impeach the title conveyed by the deed;"

citing Washburn, Real Property (3d ed.), 327; *Kimball v. Walker*, 30 Ill. 510; *Villers v. Beamont*, 2 Dyer 146; Phillips, Evidence, 482; *Elden v. Seymour*, 8 Conn. 304, 21 Am. Dec. 661; *Shephard v. Little*, 14 Johns. 210, where it was said by the court:

"Although you cannot, by parol, substantially vary or contradict a written contract, yet these principles are inapplicable where the payment or amount of the consideration becomes a material inquiry."

To the same effect are, *Bowen v. Bell*, 20 Johns. 338, 11 Am. Dec. 286; *McCrea v. Purmort*, 16 Wend. 460, 30

Am. Dec. 103; and *Wilkinson v. Scott,* 17 Mass. 249, where it was held that the receipt or acknowledgment of the payment of the consideration in a deed was only prima facie or presumptive evidence of it, and was open to explanation by parol. This case also decides the very important proposition involved in the case at bar, viz., that a corporation, after accepting a deed of land purchased by one of its officers, cannot dispute the officer's authority to agree to pay a price additional to that recited as a consideration in the deed. The court submitted the question of the authority of Hirst to the jury, we think, under proper instructions. If Hirst was not the agent of the appellant, it would be difficult to tell whose agent he was. Certainly he was not the agent of the respondent Windsor, for his interest was adverse to Windsor's. He was urging a contract in the interest of the company. It is true that Des Brisay says that he only sent him as a messenger. But he was evidently something more than a mere messenger. He was authorized to make the contract. Des Brisay said that the reason he sent him was that he was not able to negotiate with Windsor. He also authorized him to take neighbors along for the purpose of urging Windsor to enter into the contract. The company received the benefits of this transaction, Windsor doubtless was bound by it, and the company, after a ratification of the contract which was brought about through the agency of this man, ought not to be allowed to dispute his agency in its interest. The case just quoted in discussing the case says:

"Had the company any right to assume, from a mere knowledge of the deed, that his agent had not agreed to pay any additional consideration? If it had, then the consideration named in the deed is conclusive and not merely prima facie or presumptively the whole amount. But we have seen that other and additional consideration may rest in a parol promise. Does it not follow that, the company

having given the agent authority to make the purchase; such authority extended to the amount of consideration to be paid even beyond that named in the deed? . . . But, again, 'it is a general rule that, when a ratification is established as to a part, it operates as a confirmation of the whole of that particular transaction of the agent.' So a debtor cannot have the benefit of a compromise and release effected by his agent with his creditors, without adopting all the representations made by the agent to the creditors in negotiating the same."

In *Ordway v. Downey*, 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892, this court held that a verbal contract by the grantee of mortgaged premises to assume the mortgage thereon is enforcible as a contract independent of the deed of conveyance, and additional to it, which is not merged in the executed deed, and, therefore, does not fall within the rule forbidding the introduction of parol testimony to vary, alter, or add to a written contract; citing *Don Yook v. Washington Mill Co.*, 16 Wash. 459, 47 Pac. 964, where we held that a promise by the purchaser of certain saw logs, as part consideration therefor, to assume and pay the indebtedness of the seller to a third party, might be shown by parol evidence, notwithstanding the bill of sale of the logs, while expressing a good consideration, made no mention of the purchaser's promise to pay the indebtedness to such third party. And in *Johnston v. McCart*, 24 Wash. 19, 63 Pac. 1121, we held that parol evidence was admissible for the purpose of showing that, by a contemporaneous oral agreement, a written contract between the parties, providing for payments of money, had been so far modified as to permit the stipulated payments to be rendered in services instead of money. To the proposition that parol evidence is admissible to show the true consideration of the deed, see, *Patrick v. Leach,* 2 Fed. 120; *Bever v. North,* 107 Ind. 544, 8 N. E. 576; *Hays v. Peck,* 107 Ind. 389, 8 N. E. 274; *Keith v. Briggs,* 32

Minn. 185, 20 N. W. 91; *Dean v. Adams,* 44 Mich. 177, 6
N. W. 229; *Hubbard v. Marshall,* 50 Wis. 322, 6 N. W:
497; *Strohauer v. Voltz,* 42 Mich. 444, 4 N. W. 161; *Anthony v. Chapman,* 65 Cal. 73, 2 Pac. 889.

With this view of the law of the case, it is not necessary
to discuss the instructions objected to by the appellant, and,
there being no reversible error in the record, the judgment
will be affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.