THOMAS G. LAUGHREN v. J. S. NOLAN SALES STABLE
COMPANY AND OTHERS.[1]

April 24, 1925.

No. 24,508.

**Exception to general rule as to parol testimony as to true consideration of
written contract.**

Where the statement in a deed as to the consideration is more than
a mere acknowledgment of the payment of money and is of a con-
tractual nature, the general rule, permitting the true consideration of
a written contract to be inquired into by parol testimony, does not
apply.

See Evidence, 22 C. J. p. 1172, § 1569.

Action in the district court for Hennepin county.   The case was
tried before Salmon, J., who granted defendant's motion to dismiss.
Plaintiff appealed from an order denying his motion for a new trial.
Affirmed.

*Lathers, Hoag & Lacy,* for appellant.
*Ware & Melrin,* for respondents.

[1]Reported in 203 N. W. 445.

QUINN, J.

Action to recover the value of one-half interest in a grading outfit and the sum of $325, which plaintiff claims was a part of the consideration for a certain deed executed by him to the defendant Ellen F. Nolan, wife of the defendant J. S. Nolan, in trust for the defendant J. S. Nolan Sales Stable Company. At the close of the plaintiff's testimony, the court granted a motion to dismiss the action upon the ground that the plaintiff had failed to establish his right to recover. From an order denying his motion for a new trial, plaintiff appealed.

In June, 1919, plaintiff entered into a contract with the defendant J. S. Nolan Sales Stable Company, for the purchase of a section of land in the province of Alberta, which was of record in the name of Ellen F. Nolan, at the agreed price of $30,000. The plaintiff went into possession of the land, made certain improvements thereon and, in December, 1921, entered into an agreement whereby he was to reconvey the land to the Nolans and, on that day, executed a quitclaim deed thereof to Ellen F. Nolan, wherein the consideration was stated as follows:

"WHEREAS the party of the first part agreed to purchase from the party of the second part the lands and premises hereinafter described:

AND WHEREAS the party of the first part is desirous of disposing of his interest in said lands to the party of the second part;

AND WHEREAS the party of the second part has agreed to release the party of the first part from the terms, covenants and conditions contained in said agreement to purchase in consideration of the party of the first part transferring to the party of the second part the party of the first part's interest in said lands:

NOW THIS AGREEMENT

WITNESSETH that the said party of the first part for and in consideration of the premises and of the sum of One Dollar of lawful money of Canada to him in hand, well and truly paid by the said party of the second part at or before the sealing and delivery of these presents (the receipt and payment whereof is hereby acknowledged)   *   *   *."

The plaintiff maintains that, prior to the time of the execution of the quitclaim deed, it was orally agreed between himself and the defendant company that the company was to pay him $350 in money and also to give him a one-half interest in and to a certain grading outfit, then owned by a third party, as a part of the consideration for the giving of the quitclaim deed. No fraud or deception in connection with the transaction is alleged in the pleadings. At the trial, plaintiff offered oral testimony, tending to show such agreement, but the same was excluded as having a tendency to vary the terms of the deed. Whether the ruling was error is the only question for determination upon this appeal.

Neither upon the trial nor here is any question made but what a statement, in a written instrument, as to the consideration, where it is no more than a mere acknowledgment of the payment of money, may be explained by parol evidence. However, as a general rule, where the consideration, recited in a written instrument, is more than a mere acknowledgment of the payment of a specified amount of money and is of a contractual nature, the general rule, permitting the true consideration to be inquired into by parol evidence, does not apply. Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492; Borchert v. Skidmore Land Co. 168 Wis. 523, 171 N. W. 70; Schultz v. Plankinton Bank, 141 Ill. 116, 30 N. E. 346, 33 Am. St. 290; Baum v. Lynn, 72 Miss. 932, 18 South. 428, 30 L. R. A. 441; McNinch v. Northwest Thresher Co. 23 Okl. 386, 100 Pac. 524, 138 Am. St. 803; 10 R. C. L. 1044.

The consideration, as stated in the deed in question, is in the nature of a contractual obligation. It makes specific reference to the contract of June 19, 1919. It provides that the grantees, named therein, shall release the grantor from the terms, covenants and conditions contained in said contract. A copy of that contract is in evidence. It is specific and states what each party agreed to do thereunder. The vendee therein agreed to seed at least three-fourths of all cultivated land on the section, in a good and farmer-like manner and in due season of each year, during the life of the contract, and not to leave any part of the land lying idle except for the purpose of summer fallowing, where necessary, the acreage,

so to be seeded to wheat, not to be less than 350 acres each year. The vendee therein further agreed to properly care for, harvest and thresh the crops so grown on said land, and deliver the one-half thereof to the vendor, as therein provided, each year until the full purchase price for the land, together with interest thereon at the rate of six per cent per annum, be paid, the grain to be taken by the vendor at the current market price.

The recital in the deed constitutes a contractual part of the contract. The stated consideration in the deed extinguishes a pre-existing right. It is more than a mere receipt for a stated amount of money. A receipt for payment does not pay the debt—it is only evidence that the debt has been paid. A release is not only evidence of the relinquishment, but, of itself, extinguishes the pre-existing obligation. The proffered testimony was properly excluded.

Affirmed.