# GUSTAV THIEM AND ANOTHER v. FRANK ECKERT.
# GUSTAV THIEM AND ANOTHER v. ED. HOPPENSTEDT.[1]

December 31, 1925.

Nos. 24,794, 24,795.

**When consideration recited in deed cannot be varied by parol.**
1. When the recital in a partition deed concerning consideration is contractual, it cannot be varied by parol evidence.

**General rules stated.**
2. General rules, as to when parol evidence is admissible to prove the actual consideration in a deed, stated.

Appeal and Error, 4 C. J. p. 1195 n. 96.
Evidence 22 C. J. pp. 1157 n. 53; 1162 n. 67; 1172 n. 36.
Pecuniary, 30 Cyc. p. 1328 n. 19.

----

1. See note in 68 L. R. A. 925; 10 R. C. L. p. 1044; 2 R. C. L. Supp. p. 1144; 4 R. C. L. Supp. p. 688; 5 R. C. L. Supp. p. 584.
2. See notes in 24 L. R. A. (N. S.) 413; 25 L. R. A. (N. S.) 1194; 26 A. L. R. 1152; 10 R. C. L. p. 1043; 4 R. C. L. Supp. 688.

Two actions in the district court for Sibley county upon a partition deed. The cases were tried before Nelson, J., who directed a verdict for plaintiffs in the first action and the jury returned a verdict in favor of plaintiffs in the second action. Frank Eckert appealed from an order denying his motion for a new trial. Reversed.

*Albert D. Flor* and *P. W. Morrison*, for appellants.

*T. O. Streissguth* and *Bonniwell & Rogstad*, for respondents.

WILSON, C. J.

Plaintiffs, defendant and one Hoppenstedt owned land extending along all the shore line of a meandered lake. It was drained by a judicial ditch. They were desirous of dividing the lake bottom, not in irregular shaped tracts as the law provided, but upon govern-

[1] Reported in 206 N. W. 721.

ment division lines. They discussed the matter. One of their number, acting for all, consulted a lawyer and asked him to figure out a fair adjustment and draw the necessary paper and send to a certain bank. The lawyer did this. He prepared a partition deed meeting the requirements. He also prepared a very definite tabulated statement submitted as a plan by which it was determined how the existing ditch assessment might be equalized. It provided: That appellant should pay $669.94; that Hoppenstedt should pay $672.72; that Thiem should receive $345.29 and that Friedrichs should receive $672.72. The deed and statement accompanied a letter to the bank stating that the mutual transfers in the deed were a sufficient consideration and that the figures on the statement could be used if the parties saw fit in settling among themselves. The parties called at the bank and executed the deed which was promptly put on record. The deed contains this recital:

"Witnesseth, that the said parties for and in consideration of the mutual covenants herein contained do hereby agree each with the other to and they do hereby convey, release and quitclaim all the right, title and interest of each said parties in the real estate hereinafter described as specified in relation to each of the hereinafter enumerated tracts, that is to say:"

This is followed by four paragraphs under which each of the persons is given a release from the others as to the lands therein described.

This action is to recover the $669.94. The complaint states the facts and contains this language:

"That on the 6th day of August, 1921, said owners  *   *   * made and executed a deed of partition, a copy of which is attached hereto, marked exhibit 'A' and expressly made a part hereof, the respective wives of each of the parties thereto joining therein."

"That in consideration of the execution and delivery of the said partition deed, the defendant herein promised and agreed to pay to the plaintiffs on demand the sum of six hundred and sixty-nine and 94/100 ($669.94) dollars."

The answer contains a general denial. A verdict was directed against defendant. He has appealed from an order denying a motion for a new trial.

Over the objection that oral evidence was inadmissible to vary the terms of the written instrument, plaintiffs were permitted to prove the oral promise to pay the amount of $669.94 as a part of the consideration for the deed. This is assigned as error. The deed is complete upon its face. It purports to have been the repository of all upon which the parties had agreed. It is competent to show by parol a consideration different from but not inconsistent with the one therein expressed. Keith v. Briggs, 32 Minn. 185, 20 N. W. 91. The court said in Anderman v. Meier, 91 Minn. 413, 98 N. W. 327: "If the consideration of a written contract be other than of a pecuniary nature and is expressly set out in the writing, the consideration so expressed might be conclusive on the parties; but where it is expressed in money the subject is always open to explanation by extrinsic evidence." Pecuniary, as here used, means money. When parties reduce their contract to writing, the law presumes the instrument to be complete, to contain all their agreement and it cannot be modified by parol evidence. There is a well-established exception to this rule, viz., parol evidence is always admissible for the purpose of disclosing the true consideration of the contract. This exception, however, has no application where the expressed consideration is not of a pecuniary nature. Johnson v. McClure, 92 Minn. 257, 99 N. W. 893, 2 Ann. Cas. 144. Recitals in a deed acknowledging the receipt of a specified sum of money substantially amount to a mere receipt and are subject to oral explanation. The general rule, therefore, may be said to apply where the consideration is expressed in general terms and acknowledges the payment of a stated sum of money; in which event, the true consideration may be shown. However, where the expressed consideration is more than a stated amount of money paid or to be paid and is of a contractual nature, parol evidence is not admissible to vary its terms. Under such circumstances, the recital in the instrument as to the consideration amounts to more than the mere acknowledg-

ment of the payment of a money consideration and then becomes of a contractual character. It then amounts to a recital of an agreement on the part of one party to the contract to do certain things in consideration of the agreement of the other party to do certain things on his part. Express agreements of this character, though recited in the instrument as a consideration, are as important as any other provision of the contract and the rule should protect them from contradiction or impairment by parol evidence. Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492.

In Grant v. King, 117 Minn. 54, 134 N. W. 291, the defendant had given a receipt for personal property to be held as security to the payment of a certain promissory note, therein specified, and he attempted to prove by parol that the property was also to secure the payment of the debt of another. It was an effort to show another condition agreed upon at the time the contract was made qualifying its terms and it was held inadmissible.

In Laughren v. Nolan Sales Stable Co. 163 Minn. 85, 203 N. W. 445, a quitclaim deed was given containing a recital of the consideration to be the release by the other party from the terms of a contract to purchase land. Thereafter the grantor in the deed sued the grantee to recover the value of a one-half interest in a grading outfit and the sum of $325 in money which he claimed the grantee agreed to give him as an unrecited part of the consideration for the deed, and this court held that the recitals in the deed as to consideration were of a contractual nature and that oral evidence to prove plaintiff's claim was inadmissible.

The partition deed recites a consideration which, under the authorities, is contractual in character. We must assume that the deed embraces the propositions stated and accepted by the parties and when these are reduced to writing the writing settles the contract and binds the parties. It is not competent thereafter for one of them to show by parol evidence that the written contract does not express the real agreement. The very object of the parties in reducing the contract to writing is that it shall no longer be subject to dispute. Before parol evidence can be admitted to show a col-

lateral agreement, it must appear either from the contract itself or from the attendant circumstances that the contract is incomplete and that what is sought to be shown as a collateral agreement does not in any way conflict with or contradict what is contained in the writing. Mention has been made of the fact that the letter and statement from the attorney were in writing as if this supported plaintiffs' claim. The difficulty with this argument is that these papers disclosed a plan, but their acceptance or adoption and the promise of the defendant to pay rest entirely in parol. Such promise is the very gist of plaintiffs' cause of action. The deed is the only consideration for such promise. Plaintiffs' oral evidence to establish their claim was inadmissible and its reception was error requiring a new trial. Our holdings in recognition of this rule are in accord with the authorities in general. Thompson v. Bryant, 75 Miss. 12, 21 South. 655; 10 R. C. L. 1044; 22 C. J. 1172; 25 L. R. A. (N. S.) 1207, note; Brosseau v. Jacobs Pharmacy Co. 147 Ga. 185, 93 S. E. 293; Harding v. Robinson, 175 Cal. 534, 166 Pac. 808; Williston, Contracts, §§ 115b and 642.

Aside from our decisions cited herein, there are other decisions of this court touching the ever perplexing question as to when parol evidence may be admissible to prove the actual consideration of a written contract and particularly a deed. This confusion justifies a statement of the general rule, to-wit:

(a) Mere recitals of a monetary consideration may be contradicted—like a receipt.

(b) Unilateral conveyances reciting a mere money consideration are open to proof of the actual consideration, even though that be an unexecuted promise, if the parol promise is in no way inconsistent with a written promise.

(c) Where the instrument purports to be bilateral and the consideration is contractual in character, the parol evidence rule forbids either party to the writing to show that his own promise or that of his co-contractor was not accurately stated or was not given, as the writing states, in consideration of the other promise.

These rules cannot be expected to meet all future requirements, but they are a fair statement of the net result of the prior decisions of this court on this subject.

This makes it unnecessary to discuss the other assignments of error. Either or both of the parties should be permitted by the trial court upon seasonable application to amend their pleadings if they so desire, to the end that upon another trial full justice may be done in accordance with the facts then found. Reformation may be necessary for either party to present his case.

Reversed.

HOLT, J. (dissenting.)

The action is not on the deed. The recovery rested not on oral testimony but on a written statement as to the amounts the parties to the deed were to pay and receive.

DIBELL, J. (dissents.)