## LONG BELL LUMBER CO. v. FUTCH et al. (No. 3185.)

Court of Civil Appeals of Texas. Amarillo. April 17, 1929.

Rehearing Denied May 15 and 22, 1929. Application for Writ of Error Refused Oct. 23, 1929.

Madden, Adkins & Pipkin and H. M. Kimbrough, all of Amarillo, for appellant.
Stone & Guleke, of Amarillo, for appellees.

JACKSON, J. This suit was instituted in the District court of Potter county, Texas, by the plaintiff, Long Bell Lumber Company, a corporation, against the defendant I. M.

Futch, and his wife, Bessie Futch, to recover the sum of $1,223.50, and to foreclose a mechanic's lien note alleged to be held by it as security for the payment of the debt.

Plaintiff alleges: That about September 1, 1926, the defendant I. M. Futch orally requested it to furnish defendants building materials for the erection and construction of improvements on lot No. 13 in block No. 1 of the country club district, an addition to the city of Amarillo, Tex. That about September 20th the plaintiff was furnished with an estimate of the materials desired by the defendants for the construction of such improvements, and the plaintiff verbally promised and agreed to furnish the materials called for in said estimate, for the sum of $2,000. That the defendant I. M. Futch advised the plaintiff at that time that C. C. Fincher, who would order the materials as needed, had agreed to erect and construct the improvements on said property. That it was expressly understood and agreed between the plaintiff and I. M. Futch that plaintiff was selling the materials to said defendant, and was looking to him for the payment of such sum as should become owing for the materials furnished. That said defendant I. M. Futch verbally agreed and promised to pay plaintiff for all materials furnished for the erection of said improvements. That said defendant advised the plaintiff that the defendants were entering into, or had entered into, a written contract with C. C. Fincher for the erection of the improvements on said lot for the sum of $5,000 payable as follows: $1,940 in cash, the receipt of which was acknowledged, and the execution by the defendants of two notes, one for the sum of $2,000, payable to C. C. Fincher on or before October 1, 1926, and one for the sum of $1,060, payable to C. C. Fincher on or before November 21, 1926. That, in the oral contract between plaintiff and I. M. Futch for the purchase and sale of the materials, it was agreed that the mechanic's lien and notes should be transferred to plaintiff to further secure it in the payment of any sums that should become due to it for materials furnished and used in the erection of said improvements. That said contract and notes were duly executed by the defendants, and the contract provided for the erection of a five-room frame residence and a double garage, walks, and drives, and gave an express mechanic's and materialman's lien upon the lot and premises to secure the payment of said notes. That the contract provided that a failure to complete the improvements according to the terms thereof should not defeat the indebtedness and lien, but that the same should be valid for the contract price, less such amount as would be reasonably necessary to complete the improvements according to the plans and specifications. That said notes provided for the payment of ten per cent. interest from maturity, and contained the usual stipulation of 10 per cent. attorneys' fees in case of default.

That said mechanic's lien contract and the lien therein retained was duly and legally transferred by C. C. Fincher to the plaintiff, and said notes were duly indorsed and also transferred by him to the plaintiff, in accordance with the agreement between plaintiff and the defendant I. M. Futch, and for the purpose of securing the indebtedness that should become due and owing to plaintiff for materials furnished for the erection of the improvements on said lot. That by reason thereof the plaintiff became the owner and holder of said notes as security for the payment of such indebtedness.

That, in pursuance of its agreement with the defendant I. M. Futch, the plaintiff furnished materials for the erection of said improvements on the order of C. C. Fincher until some time during the month of October, when I. M. Futch advised the plaintiff that in the future S. W. Shaver would give the orders for all materials. That, in compliance with such instructions, all the materials furnished by the plaintiff were furnished upon the order of one of the defendants' said agents, C. C. Fincher or S. W. Shaver. That the materials so furnished by the plaintiff and used in the construction of said improvements consisted of the materials provided for in the estimate, which plaintiff had agreed to furnish for the sum of $2,000, and additional materials which were furnished by the plaintiff and used in the building, not included in the estimate; and that such materials were furnished at the reasonable market value thereof at the time in Amarillo, and such additional materials, for which the defendant promised and agreed to pay, amounted to the sum of $1,542.15.

Plaintiff says that, if it be mistaken as to an express agreement to pay for such materials, the negotiations carried on constitute an implied agreement by the defendants to pay plaintiff therefor.

Plaintiff alleges that shortly after the beginning of the erection of said improvements I. M. Futch requested it to pay the weekly pay rolls and other accounts and indebtedness that would be incurred in the construction of the improvements, and promised the plaintiff that for this purpose he would deposit with it from time to time money to take care of such pay rolls and other debts; that such payments should be made upon the approval of C. C. Fincher; but that on October 9th, said defendant instructed plaintiff not to pay any more debts or pay rolls approved by the said Fincher, and about October 15th advised plaintiff to pay such pay rolls and other indebtedness on the approval of S. W. Shaver only; that the plaintiff agreed to perform such services for the defendant upon the agreement and understanding with I. M. Futch that the defendants would repay plaintiff all the sums paid out by it on pay rolls or other indebtedness incurred in the erection of said improvements.

Plaintiff alleges:

That it furnished the materials to the defendants, and paid the pay rolls and other indebtedness for the defendants, and that the prices of the materials used and the money paid out aggregated the sum of $6,195.80, on which amount the defendants are entitled to credit amounting to $4,972.30, leaving a balance due the plaintiff of $1,223.50.

That at the request of the defendants, on November 16, 1926, the plaintiff transferred to the Farm & Home Savings & Loan Association the $2,000 mechanic's lien note transferred to it by C. C. Fincher, and received therefor and credited the indebtedness of said defendants with said sum. That it is the holder and owner of the mechanic's lien note for $1,060 transferred to it by the said Fincher, for the purpose of further securing it for the indebtedness hereinabove alleged. That plaintiff has often requested the defendants to pay said note, but that they have failed and refused, and still fail and refuse, to pay the same or any part thereof. That, because of such failure and the default of the defendants in the payment of said note, the plaintiff has been compelled to place the note in the hands of an attorney for collection, and it is entitled to recover the sum of money stipulated in said note, together with interest and attorneys' fees, as therein provided for, and for the foreclosure of said mechanic's lien against the premises, a sale of the property, and the proceeds derived from the sale applied to the payment of said note and the account, as above set forth.

Plaintiff prays for a judgment for its debt, as shown by its account and by said note, and that the lien evidenced by the mechanic's lien contract and note be foreclosed against both of defendants, that the property be sold, as provided by law, and the proceeds derived from the sale thereof be applied to such judgment as may be rendered in its favor.

The plaintiff attaches to, and makes a part of, its petition, an itemized statement showing the materials furnished, the date when furnished, the amounts and price thereof; the money paid out for the defendants on pay rolls and other indebtedness, and the payments made by defendants to plaintiff, together with the date and amount of such payments, showing a balance due on said itemized account of $1,223.50.

The defendants answered by general demurrer, numerous special exceptions, general denial, and specially pleaded as a defense:

That they had paid the contract price for the improvements, in that the payment of the cash consideration stipulated for in the mechanic's lien contract was acknowledged in the contract, and the balance of the consideration was paid by the execution and delivery by the defendants of the two mechanic's lien notes described in plaintiff's petition. That the note for $1,060 had been paid by I. M. Futch to

plaintiff and applied to the materials purchased by the said C. C. Fincher. That the plaintiff become the owner of the two mechanic's lien notes, almost, if not in fact, contemporaneously with the execution and delivery thereof and was thereby placed in the position of the said C. C. Fincher with respect to the obligations of the said Fincher to comply with the terms and provisions of the said contract, and more especially as to the right of the plaintiff to enforce the collection of said notes.

That, at the time the plaintiff acquired title to said notes and lien, it knew that the mechanic's lien contract had been entered into, and that, in order to carry it out, C. C. Fincher would have to purchase materials and have pay rolls advanced to him, and that in consideration of the transfer of said notes and mechanic's lien, the plaintiff agreed to deliver the materials to the said Fincher, and thereby, in fact and in law, said contract became the contract of plaintiff, and the defendants are entitled to offset against said notes in the hands of plaintiff, every offset, equity, defense, and payment made thereon, either to the said C. C. Fincher or to the plaintiff, and that, by reason thereof, plaintiff should take nothing against these defendants. That the said Fincher was obligated to furnish, and did furnish said materials, and the same was delivered to him and not to these defendants, and that, if he purchased from the plaintiff more materials and received the advance of more cash than the amount of the two notes, the defendants are not liable therefor, because they had a contract with the said Fincher for the erection of said improvements for a specific contract price which has been paid to the plaintiff.

That all the said I. M. Futch ever did agree to was set out in the mechanic's lien contract and notes, but, in the event the court should find he did agree to pay plaintiff for such materials, such agreement is void and in contravention of the statute of frauds, in that said materials were purchased by, and charged to, C. C. Fincher, who was the primary obligor therefor, and that any agreement or promise of the defendant Futch to pay the same was a promise to answer for the debt, default, or miscarriage of another, and was not in writing.

That the plaintiff should have no lien against the property for any sum whatever, for the reason that there is no contention that said lien was fixed as required by law and said premises constitute the homestead of the defendants.

A jury was selected and impaneled to try the case, but, at the close of the testimony, the court peremptorily instructed a verdict against the plaintiff and in favor of the defendants, and, in obedience to such instruction, the jury found for the defendants, and the court entered judgment that plaintiff take

nothing by its suit, from which judgment this appeal is prosecuted.

The appellant, by several assignments, contends that, because it alleged an original oral contract with the appellee Futch, by the terms of which it sold, and he purchased and agreed to pay for, the materials furnished by the appellant for the erection of the improvements, and also alleges an original oral contract with the appellee, by the terms of which he agreed to pay the appellant for all moneys advanced and paid out by it for him on the weekly pay rolls and certain other indebtedness necessary to the construction of the building, and the testimony offered in the trial of the case tended to support such allegations, the trial court erred in directing a verdict in favor of the appellees.

It is not contended by the appellees that either the amount of lumber furnished or the prices charged therefor, or the amounts of money claimed to have been advanced by the appellant to discharge the weekly pay roll and other indebtedness, is incorrect. Appellees concede in their brief that the testimony of appellant's witnesses tended to show that the appellee I. M. Futch promised plaintiff to pay for the materials furnished and used in the erection of the improvements. They do not contend that there is insufficient testimony to raise the issue pleaded by appellant that appellee Futch promised and agreed to pay appellant for the moneys advanced by it to take care of the weekly pay rolls and for other indebtedness connected with the erection of said improvements. Both of such issues are clearly presented by the testimony.

The appellees contend that the peremptory instruction given by the court in their behalf was justified, because where the owner of property has arranged for the advance of money with which to erect improvements thereon, and gives a mechanic's lien to a contractor, who transfers such lien to the party who, it is contemplated, will furnish the material and advance the money, such party stands in the same position as the contractor, and a verbal promise to such party is without consideration, and in contravention of the statute of frauds (Rev. St. 1925, art. 3995).

The appellant pleaded that it sold the materials to appellees on the express promise of I. M. Futch to pay therefor; that it promised to pay the weekly pay rolls on the express, agreement of I. M. Futch to deposit with it from time to time money with which to make such payments. The testimony of appellant's witnesses tends to show that appellant refused to sell the materials to C. C. Fincher, and advised I. M. Futch thereof, and sold it to appellees on the express promise of appellee Futch to pay for it, and that appellant furnished the materials and paid the weekly pay rolls on the agreement of appellees to deposit the money with which to make such payments and to repay appellant for all moneys so paid

out and the price for all materials used in the erection and construction of the improvements.

The appellees did not contend, either in their pleadings or by their proof, that they had arranged with appellant to furnish the materials or advance the money with which to pay for such improvements and the labor thereon. They contend that they had made no contract with the appellant for either the materials furnished or the money advanced, but had contracted with C. C. Fincher to furnish all the materials and labor to construct and complete said improvements. The testimony discloses that the improvements were completed and accepted by the appellees, and that all payments made by them were made to appellant, and none made to C. C. Fincher.

Under this record, we cannot say, as a matter of law, that appellant assumed the undertaking of C. C. Fincher or guaranteed or insured that he would perform his contract. The testimony discloses that appellant's agent drew the contract between the appellees and C. C. Fincher, but that the contract was dictated by I. M. Futch and C. C. Fincher, and that it was drawn in conformity with their suggestions and the information furnished to the agent of appellant by them.

By the acceptance of the mechanic's lien contract and mechanic's lien notes, as further security for the debt of appellees, the appellant did not assume the contract of C. C. Fincher, nor did there rest upon it the duty of completing the building, if Fincher had failed to do so. In fact, it is held that the purchase of mechanic's lien notes secured by a mechanic's lien contract does not impose upon the purchaser the performance of the contract entered into between the owner and the contractor. Galbraith-Foxworth Lumber Co. v. Long et al. (Tex. Civ. App.) 5 S.W.(2d) 162.

The allegations in appellant's pleadings and the proof offered by it in support thereof tend to show that the contracts and agreements between appellant and appellees for the purchase and sale of the materials and the advancement of the money with which to discharge the pay rolls for labor were not collateral to the contract between the appellees and C. C. Fincher, but were original, independent agreements between appellant and I. M. Futch, and therefore not within the statute of frauds.

In Rowan Green v. John Dallahan & Co., 54 Tex. 281, it is held that a contract between a materialman and the owner of property for the purchase and sale of materials to erect improvements on the owner's property is not collateral to the agreement between the owner of the property and the contractor agreeing to erect such improvements, but that the contract between the materialman and the owner is an original contract, and not required by the statute of frauds to be in writing. See, also, Carlisle v. Frost-Llewellyn Lumber Co.

(Tex. Civ. App.) 196 S. W. 733; Thornburg v. Moon (Tex. Civ. App.) 180 S. W. 959; Harp v. Hamilton (Tex. Civ. App.) 177 S. W. 565; Mitchell v. Kennady (Tex. Civ. App.) 238 S. W. 293; Evans v. Shaw (Tex. Civ. App.) 268 S. W. 1037; Kollatt v. Clements et al. (Tex. Civ. App.) 3 S.W.(2d) 855.

"Nothing is better settled than the rule that, if there is a benefit to the defendant and a loss to the plaintiff consequential upon, and directly resulting from, the defendant's promise in behalf of the plaintiff, there is a sufficient consideration moving from the plaintiff to enable the latter to maintain an action upon the promise to recover compensation." Muller v. Riviere, 59 Tex. 640, 46 Am. Rep. 291.

■ The testimony discloses that appellees received the materials furnished by appellant and the benefit of the moneys advanced by appellant on the weekly pay rolls, and tends to show that the appellant refused to sell the materials or deliver it to C. C. Fincher, or to advance money to C. C. Fincher with which to pay for the labor, and, in our opinion, this was sufficient consideration for the oral contracts alleged by appellant.

■ The appellees also urge, as a justification of the peremptory instruction in their behalf, that the pleadings of appellant and the testimony offered in support thereof was an attempt to vary the terms of the written contract between the appellees and C. C. Fincher, because the appellant, under the record, stood in the position of C. C. Fincher with respect to his obligations to erect the building, and especially as to the right of appellant to enforce the collection of said note. To sustain this contention, appellees rely on the rule which forbids the terms of a written contract to be varied by parol evidence by a party claiming rights or benefits thereunder and seeking to take advantage thereof. They cite 22 C. J. 1294, § 1726; Id., 1295, § 1729; Van'sickle v. Watson, 103 Tex. 37, 123 S. W. 112; Minneapolis, etc., Ry. Co. v. Home In's. Co., 55 Minn. 236, 56 N. W. 815, 22 L. R. A. 390; Schultz v. Plankington Bank, 141 Ill. 116, 30 N. E. 346, 33 Am. St. Rep. 290. As we understand the rule announced by the above authorities, it is that, where a litigant bases his claims upon a written instrument, and such instrument is the foundation of his suit, he cannot vary the terms of such instrument by parol testimony. Johnson v. Portwood et al., 89 Tex. 235, 34 S. W. 596, 787.

■ In the instant case, the appellant sues on alleged oral agreements between it and appellee I. M. Futch, and seeks to recover a judgment against said appellee for the balance of the price of the materials furnished and money advanced on such oral agreements. It seeks to foreclose the lien securing the note for $1,060 against both appellees; the note and lien were transferred to it, according to its contentions, to secure the indebtedness in-

curred by I. M. Futch under the oral agreements. The testimony presents the oral agreements alleged as issues of fact. The foundation of appellant's suit is the alleged oral agreements between it and appellee Futch, and the fact that it seeks in this suit to foreclose the lien given it as collateral security for its debt does not make it such a party to the written contract between appellees and C. C. Fincher as to prohibit the introduction of parol testimony to establish said alleged oral agreements. If we are correct in the foregoing conclusion, then appellant was authorized to offer parol testimony of the alleged oral contracts between it and I. M. Futch.

"The rule as to the exclusion of oral testimony to contradict or vary the terms of a written contract is applicable only as between the parties to such contract. A stranger to such written instrument is not bound by its terms, and therefore he cannot hold other parties bound by the same." Pennington v. Bevering et al. (Tex. Civ. App.) 9 S.W.(2d) 401, 403, and authorities cited.

The appellees contend that, because the appellant requested a peremptory instruction in its behalf, and the appellees requested a peremptory instruction in their behalf, the submission to the jury of controverted issues was thereby waived, and all issues of fact, as well as of law, were left to the court for its determination.

In support of this contention, appellees cite Tiblier et al. v. Perez et ux. (Tex. Civ. App.) 277 S. W. 189; and Mendlovitz v. Samuels Shoe Co. (Tex. Civ. App.) 5 S.W.(2d) 559.

■ In the case at bar, the appellant specifically objected to the peremptory instruction given in behalf of the appellees, and urged such objections in the trial court. In addition to this, the peremptory instruction requested by appellant related only to its contention regarding the mechanic's lien note for $1,060. It in no way covered or affected its right to recover, if any it had, on the alleged oral agreements between it and appellee I. M. Futch, and such agreements were the foundation of its suit. However, whether the case at bar is distinguishable from those cited by appellees or not, we are unwilling to accede to the proposition that appellant, by its request for a directed verdict relative to the note, waived its right to have the controverted issues presented by the testimony submitted to the jury. Our views are in accord with those expressed in the cases of Citizens' National Bank of Brownwood v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331, writ of error refused; Colvin v. Chadwick et al. (Tex. Civ. App.) 291 S. W. 639; Miller-Vidor Lumber Co. v. Schreiber et al. (Tex. Civ. App.) 298 S. W. 154, writ of error refused.

■ The appellant challenges as erroneous the action of the court in directing a verdict against it, because the uncontroverted testimony discloses that the note for $1,060 had

not been entirely paid, appellant's testimony being to the effect that none of said note had been paid by appellees, and the testimony of appellees disclosing that at least $10 of the principal on said note was still due. Without entering into an analysis of the testimony pro and con as to the payment of the note, it is our opinion that the evidence presented an issue as to whether or not the note had been entirely paid.

The original opinion in this case is withdrawn, the motion for rehearing overruled, and the judgment of the trial court is reversed, and the cause remanded.