This was an action by the appellant against the appellee upon a promissory note. The plaintiff recovered a judgment for 90 dollars, and the defendant recovered a judgment against the plaintiff for costs.
The judgment for costs against the plaintiff, constitutes the only error complained of.
It appears by a bill of exceptions that the defendant moved the Court for a judgment for costs against the plaintiff, upon the following agreement of the parties, viz.:
"It is agreed between the parties in this cause, that the following facts are true, viz.: That a suit on the same note was instituted and tried in the Wayne Circuit Court, between the same parties, which, after trial, was dismissed that after such dismissal the plaintiff's attorney had drawn up a complaint (it being the same now on file); that Jere. M. Wilson, attorney for the defendant, served upon Jacob B. [441] Julian, the attorney for plaintiff, by whom said complaint was drawn, but not on the plaintiff himself, an offer in writing to confess a judgment on said complaint for the sum of 100 dollars and costs, which offer was made before said complaint was filed, and before any writ was issued or appearance entered, and was not accepted; that afterwards said complaint was filed, and upon the trial of the cause, the plaintiff recovered 90 dollars only."
Upon this agreement the Court sustained the motion, and taxed the costs to the plaintiff, to which he duly excepted.
In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law. 2 R. S. p. 126.
There are two sections in the code, providing for offers to confess judgments (2 R. S. pp. 124. 125,) as follows, viz.:
"The defendant may at any term before the trial, serve upon the plaintiff an offer in writing to allow judgment to be taken against him for the sum, or property, or to the effect therein specified, with costs. If the plaintiff accept the offer in Court, in the presence of the defendant, or give notice of acceptance in writing within five days, and before the trial, judgment shall be entered accordingly. If the offer is not accepted, or notice of acceptance be not given as above directed, the offer is to be deemed withdrawn, and shall not be given in evidence, or commented on before the *Page 359 
jury; and if the plaintiff shall fail to obtain a more favorable judgment, the defendant shall recover from the plaintiff the costs occasioned subsequent to the time of the offer." § 389.
"Before an action for the recovery of money is brought against any person, he may go into the Court of the county of his residence, or of that in which the person having the cause of action resides, and offer to confess judgment in favor of such person, for a specified sum, on the cause of action. Whereupon, if the person having had notice that the offer would be made, of its amount, and the time and place of making it, ten days before the first day of the term [442] of the Court, does not, at any such term, accept the confession, and should afterwards commence an action upon such cause, and not recover more than the amount so offered to be confessed, he shall pay all costs of the action, and on the trial thereof the offer shall not be deemed an admission of the cause of action, or the amount to which the plaintiff is entitled, nor be given in evidence." § 390.
The offer to confess judgment in this case, is not good under the provisions of the section last quoted, for the reasons, if for no other, that the offer does not appear to have been made in open Court, nor does it appear that notice of the time and place of making the offer had been previously given to the plaintiff.By the agreement, it appears that after the dismissal of the cause in the Wayne Circuit Court, and after the complaint in this cause had been prepared, the defendant's attorney served an offer in writing on the plaintiff's attorney, to confess judgment; but it does not appear, either expressly or by fair implication, that this was done in open Court, either Common Pleas or Circuit, as the statute clearly contemplates; and if the offer was made out of Court, the plaintiff was not bound to regard it.
We are of opinion that § 389 is applicable only to suits which have been commenced, and are pending at the time the offer to confess, therein provided for, may be made.
Section 390 amply provides for offers to confess, before suit is brought, and its provisions do not apply to cases where suit is pending; and, on the other hand, § 389 provides for offers to confess, on suits pending, but does not apply to cases where suit has not been brought. This construction appears to be in accordance with the spirit, as well as the letter, of the statute.
It is claimed by counsel for the appellee, that the language of this section, "any time before trial," is broad enough, and should be construed to include time before, as well as after, the commencement of the suit. Possibly, if taken alone, the section might admit of such construction; but when taken and considered in connection with the succeeding section, it should not, we think, be so construed. [443] The section contemplates the pendency of a suit; otherwise why should it provide that at any time before trial an offer to confess might be made ? *Page 360 
Without a suit pending there would be nothing to try, and the language employed would be insensible and meaningless.
From the foregoing view, it follows that the offer to confess was not good under § 389, it having been made before the action had been brought, and the plaintiff was not bound to notice it.
For these reasons the judgment for costs must be reversed.
The judgment for costs is reversed with costs. Cause remanded with instructions to the Court below to render judgment for costs in favor of appellant.
 *Page 1215