### HOLLAND and Others *v.* PUGH.

An offer to confess a judgment may be served upon the attorney of record
in the cause, and such service will bind the client.

An offer to confess for a given sum, and "accrued costs," is good under the
statute.

APPEAL from the *Wayne* Common Pleas.

HANNA, J.—The plaintiffs had judgment below for $260, and a part of the costs. For the balance of the costs the defendant had judgment. The plaintiffs appeal. The only question is, whether the judgment for a part, some $300, of the costs, against the plaintiffs, is correct. It appears by an agreed statement of facts, that after the commencement of the suit, which was on *March* 12, 1858, the defendant's attorneys delivered to the plaintiff's attorney of record, a writing as follows, after entitling the case: "Said defendant, *Pugh,* hereby offers to allow judgment to be taken against him for

*Monday,
May 27.*

( 21 )

May Term, $300, and the accrued costs in the above cause. *April* 8,
1861. 1858." Signed by defendant's attorneys. That the suit was
HOLLAND on a note given in *Wayne* county, but plaintiffs were residents
v. PUGH. of, and were in, *Kentucky*, from the date of the note until
trial; and further, that *Julian's* instructions were to collect
the whole of the note, and that there was not time, after said
offer was made, for him to correspond with plaintiffs within
the ensuing five days; that *Julian* had no express authority
to compromise, or take less than the face of the note.

Was the service of notice, or offer to confess, on the attorney, sufficient? The statute, 2 R. S., § 389, p. 124, upon which the proceeding was founded, appears at length in *Horner* v. *Pilkington*, 11 Ind. 441.

It is insisted that notice to an attorney, of an offer to confess, is not sufficient, because the attorney has no authority, as such, to accept the money or a judgment for a less sum than his client's claim shows to be due. By the other party it is argued, that the offer to the attorney is sufficient, although he may not have the power, as such, to accept it; that it is the duty of the client to specially empower him, under this statute, to accept what he (the client) is willing to take; and if such authority is not conferred, the client must take the consequences.

It is manifest that, in many cases adjudicated in our Courts, this provision would be a dead letter, if service on the attorney is not sufficient, or some other mode of notice besides an actual service on the party. The statute is, that an attorney has authority "to bind his client in an action or special proceeding, by his agreement, filed with the clerk, or entered upon the minutes of the Court, and not otherwise." 2 R. S., p. 202. We are of opinion that notice to the attorney was sufficient, upon either of two grounds, namely: that notice to the attorney was notice to the client; or that the authority conferred upon the attorney to begin and conduct the suit, should be accompanied, or presumed to be joined, with the power to accept or refuse judgment for such sum as the other party might rightfully offer to confess, under the existing statute of the State.

The second point made is upon the language used in the

notice, to wit, "accrued costs." It is urged that this phrase would include costs up to the time of the offer, and no more; and, as the opposite party might take five days to consider of the offer, much costs might accumulate in that time. The reply in argument is, that a proper construction of the language used, would include the costs of carrying the offer to confess into effect, if accepted.

We are of the opinion that the language used in this case would embrace all the costs contemplated by the statute. The statute is that the offer must be to let judgment be taken with costs. The offer in the case at bar was to allow judgment to be taken with accrued costs. This offer would have included all the costs the party would have been bound to pay, under the statute, if the offer had been accepted. As the offer was not accepted, the question which is attempted to be pressed, in reference to costs which might accrue between the date of the offer and that of acceptance, does not fairly arise in the record. Indeed there is nothing in the record showing that any costs accrued within the five days after such offer was made.

*Per Curiam.*—The judgment is affirmed, with costs.

*Geo. W. Julian* and *J. B. Julian*, for the appellants.

*M. Wilson*, *O. P. Morton* and *J. F. Kibbey*, for the appellee.