May Term,
1861.

HARRIS
v.
DAILEY.

---

## HARRIS *v.* DAILEY.

The name of an assignor of a promissory note, made a defendant to answer as to the assignment, need not be noticed in an offer by the maker of the note to confess a judgment for a given sum, as the offer is, of itself, an admission of the assignment and a waiver of any further proceedings.

APPEAL from the *Grant* Circuit Court.

DAVISON, J.—This was a suit instituted on *March* 23, 1858, by *Dailey*, who was the plaintiff, against *Noah Harris* and *Samuel Hughes*. The complaint contains five counts. The first, second and third are each upon a promissory note; the fourth is upon an agreement in writing, and the fifth upon an account. Plaintiff demanded judgment for $3000.

*Friday*
*May* 31.

May Term,
1861.

Harris
v.
Dailey.

The third count is founded on a note alleged to have been executed by the defendant *Harris* to the said *Hughes*, who assigned it to the plaintiff, without indorsement, and who, in accordance with the statute, was made a defendant to answer as to the assignment of said note. The record shows that after the commencement of the suit, and before the issues were made in the cause, the following written notice was served on the plaintiff:

"Samuel F. Dailey ⎫ In the *Grant* Circuit Court,
         v.          ⎬      Spring Term, 1858.
   Noah Harris.   ⎭

"The plaintiff in the above entitled cause will take notice, that I hereby offer to allow judgment to go against me in said cause for $306.70, and costs. *April* 5, 1858. Noah Harris."

At the *February* term, 1859, to which the case had been regularly continued, the defendant answered the complaint. And thereupon the plaintiff moved for a continuance, on the ground that *Hughes*, who had been, as before stated, made a defendant, had not been served with process; which motion the Court proposed to grant at the plaintiff's costs. But he, the plaintiff, not desiring a continuance at his cost, withdrew his motion, and dismissed the third count of the complaint. The issues were then submitted to a jury, who found for the plaintiff $210. And judgment was accordingly rendered, &c.

There is a bill of exceptions which sets forth the above recited offer to confess judgment, and shows that the defendant, at the proper time, moved for taxation against the plaintiff of all the cost which had accrued in the case, subsequent to the date of the offer. But the Court overruled the motion, and the defendant excepted. This ruling involves the only question noticed in the argument of counsel. We have a statute which says: "The defendant may, at any time before the trial, serve upon the plaintiff an offer in writing, to allow judgment to be taken against him for the sum specified in the offer, with cost. If the plaintiff accept the offer in Court, in the presence of the defendant, or give notice of acceptance, in writing, within five days, and before the trial, judgment shall be entered accordingly. If the offer is not accepted, or notice of acceptance be not given, as above directed, the offer

is to be deemed withdrawn; and if the plaintiff fail to obtain a more favorable judgment, the defendant shall recover from the plaintiff the cost occasioned subsequent to the offer." 2 R. S., § 389, pp. 124, 125.

In this case, the offer to confess was not accepted, and the sum stated in the offer was greater than the sum actually recovered. But the appellee contends that *Hughes*, when the confession was offered, was a defendant, and should, therefore, have been noticed in the offer, as a party to the suit. We are not inclined to adopt that position. *Hughes*, being assignor of a note described in the complaint, was made a party for the mere purpose of answering as to the assignment. For that purpose the statute requires such assignor to be made a party, (2 R. S., § 6, p. 28); still, the defendant who executed the note, and who was the real party in interest, could rightfully admit the validity of the assignment and the plaintiff's right of action on the note, and thereby waive the assignor's answer. And it seems to us that in this instance, the offer to confess judgment with costs, upon the case made by the complaint, was, in effect, an offer to waive all other or further pleadings in the cause. As no judgment for the sum demanded could have been rendered against *Hughes*, as a defendant in the case, the reason why his name should have appeared in the offer is not perceivable.

*Per Curiam.*—The judgment as to the taxation of cost is reversed, and the Circuit Court is directed to order all the cost which has accrued subsequent to the date of the offer to confess, &c. to be taxed against the plaintiff.

*I. Van Devanter, J. F. McDowell, A. W. Sanford, A. Steele* and *H. D. Thompson*, for the appellant.