9902.

## KELLER *v.* ALLEE.

COSTS.—*Offer to Confess Judgment.*—*Practice.*—An offer to confess judgment for the plaintiff for a certain sum, " and all costs to this date," filed in open court, and at the time refused by the plaintiff's attorney, is sufficient, under section 514, R. S. 1881, to charge the plaintiff with all costs accruing thereafter if a greater sum than that offered be not recovered.

SAME.—*Notice.*—Such filing of the offer to confess, in open court, and then calling the attention of the plaintiff's attorney to it, is sufficient notice of the offer.

From the Putnam Circuit Court.

*D. E. Williamson* and *A. Daggy,* for appellant.

*T. Hanna* and *S. A. Hays,* for appellee.

FRANKLIN, C.—On the 15th day of November, 1880, appellee sued appellant in the Putnam Circuit Court on a promissory note for $100. On the 10th day of December, 1880, the parties appeared in court, and the defendant, on motion, filed the following offer to confess judgment:

" LUCRETIA ALLEE *vs.* JOHN A. KELLER.

" The defendant in the above entitled cause now pending in the circuit court in and for the county of Putnam and State of Indiana, now hereby offers to confess judgment in said cause in favor of said plaintiff and against himself for the sum of $40 and all costs to this date.    JOHN A. KELLER.

" December 10th, 1880."

Nothing more was done in the case until the 15th day of December, 1880, when the defendant filed an answer, upon which issues were made, and the cause was continued from term to term until the 21st of September, 1881, when the same was tried before a jury, and a verdict rendered for the plaintiff for $26.70, and judgment was rendered upon the verdict. After judgment the defendant moved the court to tax all the costs accruing after the 10th of December, 1880, the time of filing said offer to so confess, against the plaintiff, which motion was overruled, and the defendant excepted and filed a bill

of exceptions containing the offer to confess, and the parol evidence of the offer having been made to plaintiff's attorney, and his refusal to accept; also the filing of it in open court in his presence among the papers in the case. The bill of exceptions shows that the court overruled the motion for the reason that the offer to confess, and the notice, were insufficient. The errors assigned are the overruling of the motion to tax costs against the plaintiff, and for rendering judgment against the defendant for all the costs.

Appellee has furnished us no brief, and we only gather from appellant's brief the specific objection to the offer to confess, and that is that it did not include the costs during the five days given by the statute in which the plaintiff might accept the offer to confess. The record does not show that any costs in the case were made during these five days, and the proof shows that the plaintiff's attorney refused to accept the offer at the time it was made and filed among the papers. The 389th section of the code of 1852 (2 R. S. 1876, p. 191), and the 514th section, R. S. 1881, which are the same, read as follows:

"The defendant may, at any time before the trial, serve upon the plaintiff an offer in writing, to allow judgment to be taken against him for the sum or property, or to the effect therein specified, with costs. If the plaintiff accept the offer in court, in the presence of the defendant, or give notice of acceptance in writing within five days and before the trial, judgment shall be entered accordingly. If the offer is not accepted, or notice of acceptance be not given as above directed, the offer is to be deemed withdrawn, and shall not be given in evidence, or commented on before the jury; and if the plaintiff fail to obtain a more favorable judgment, the defendant shall recover from the plaintiff the costs occasioned subsequent to the time of the offer."

When the offer is refused at the time it is served, and no acceptance made within the next five days, no question can arise as to any costs that might have accrued within that

time, for the statute prescribes that if the plaintiff shall not obtain a more favorable judgment the defendant shall recover from the plaintiff the costs occasioned subsequent to the time of the offer. In the case of *Holland* v. *Pugh*, 16 Ind. 21, it was held that service of the offer to confess, on the attorney for the plaintiff, was sufficient, and that an offer to confess judgment for a definite sum, with "accrued costs," is also sufficient. In that case the court said: "It is urged that this phrase would include costs up to the time of the offer, and no more; and, as the opposite party might take five days to consider of the offer, much costs might accumulate in that time. The reply in argument is, that a proper construction of the language used would include the costs of carrying the offer to confess into effect, if accepted." And the court adds: "We are of the opinion that the language used in this case would embrace all the costs contemplated by the statute." See *Harris* v. *Dailey*, 16 Ind. 183.

In the case of *Rose* v. *Grinstead*, 53 Ind. 202, the offer was as follows: "The defendant, Jasper H. Grinstead, offers to confess judgment for thirty dollars, with costs accrued to the present time in the above entitled case. February 28th, 1874." The court said: "This offer the appellant declined to accept. The court rendered judgment in favor of appellant upon the finding, and for costs accrued up to and including the day upon which the offer to confess judgment was made. To this the appellant excepted, and insists that the offer to confess judgment is insufficient. We think differently. It is good." And the cases of *Holland* v. *Pugh*, and *Harris* v. *Dailey*, supra, are referred to in support thereof.

From the foregoing authorities, the offer in this case was clearly good, and we think, as the statute does not prescribe the manner of service of the offer, there can be no valid objection to the service in this case. The offer was filed with the papers in the cause in open court, in the presence of the plaintiff's attorney, with his attention called to the fact, and

which was then and there refused by him to be accepted, after having been previously notified that such an offer would be filed, and that he knew the same remained on file continuously after it had been so filed. The court below erred in overruling the motion for the taxation of costs, and in rendering judgment against the defendant for all the costs. The judgment for costs ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below, as to costs, be and it is in all things reversed, at appellee's costs; and that the cause be remanded, with instructions to the court below to sustain appellant's motion to tax all the costs in the case that accrued subsequent to the offer to confess judgment against the plaintiff, and to render judgment accordingly.