HANNAH DEVINE *vs.* MARCUS W. LEWIS and another.

December 19, 1887.

Covenant of Warranty—Breach—Damages—Actual Consideration— Interest.—Upon the breach of the covenant of warranty in a deed, the grantee is entitled to recover as damages the full amount of consideration paid, and interest thereon from the date of such payment; and where payments have been made under an antecedent contract in pursuance of which the deed was executed, the grantee is not concluded as respects the amount of damages by the execution of the deed, or the recital of the consideration therein; but the actual consideration paid may be recovered, including previous payments of principal or interest under the contract.

Appeal by defendants from an order of the district court for Hennepin county, *Lochren,* J., presiding, overruling a demurrer to the complaint, the allegations of which are in substance as follows:   The plaintiff purchased a lot from the defendants for $1,500, in August, 1880, and went into possession under a land contract.   On October 7, 1882, the plaintiff received from the defendant Kelley a warranty deed in pursuance of said contract, which deed recited the consideration of $1,500, which was then paid.   Plaintiff had also paid interest on the sum of $1,500 from August, 1880.   The defendants never had any title to the lot, and, the true owner having commenced an action against the plaintiff to recover possession, the plaintiff, with the advice and consent of the defendant Kelley, surrendered possession and paid the owner for the plaintiff's use and occupation of

the premises. Defendants have paid the plaintiff the sum of $1,500, with interest from October 7, 1882, and refuse to repay the interest from August, 1880, to October 7, 1882, to recover which amount this action is brought.

*Woods, Hahn & Kingman,* for appellants.

*Grimes & McDowell,* for respondent.

VANDERBURGH, J.   The plaintiff alleges that on or about the 2d day of August, 1880, plaintiff agreed to purchase lot 10, in block 129, in the city of Minneapolis, agreeing to pay therefor the sum of $1,500, on or before five years, with interest according to the terms of her promissory note of the same date, and to pay the taxes thereon, and entered into possession under the contract; that she paid to the defendants several instalments of interest, and afterwards, on the 7th day of October, 1882, she paid the purchase price in full, and received of the defendant Kelley (who had acquired the interest of the defendant Lewis) a deed, with warranty and full covenants, duly executed and delivered by him, of the same lot, in fulfilment of the contract. Plaintiff, however, acquired no title by the deed, and she was subsequently obliged to surrender possession to the owner of the paramount title upon suit brought by him.

The question here presented is whether the plaintiff is entitled to recover interest on the purchase price from the date of the sale evidenced by the contract, or from the date of the deed; the contention of the defendants being that the damages for the breach of the covenants of seizin and warranty in the deed were the price of the lot, and interest from the date of the deed, while the plaintiff insists that interest is to be included from the date of the sale. The latter is, we think, the proper measure of damages. For the purposes of this action, she is entitled to show the real nature of the transaction, and to recover the actual and entire sum paid, including interest, irrespective of the date of the deed or the recital of the consideration therein. .

The defendants, however, claim that the inquiry should not be extended back of the execution of the deed to the executory agreement, on the ground that the rights of the parties are to be determined by the deed, and not by the agreement. But this rule does not apply to

the consideration. The deed is substituted for the contract, it is true, but the substitution does not conclude further inquiry as to the consideration, since, while the deed is the only lawful evidence of the executed contract in respect to rights vested or relinquished, the receipt or acknowledgment therein, reciting the consideration, is open to explanation as much as an independent receipt, which may be explained or contradicted, because it is simply *evidence* of the fact of payment. *Gully* v. *Grubbs*, 1 J. J. Marsh. 387. To secure full indemnity under the rule of damages applicable in such cases, it is obvious that payments made under a prior contract must be included, with interest, and that neither the execution of the deed, nor any recitals therein touching the consideration, constitute any bar to inquiry as to the nature or amount of such payments, or the recovery thereof.

Order affirmed.