### AUGUST PETROSKY *vs.* ISAAC N. FLANAGAN.

### December 19, 1887.

Costs—Offer of Judgment—"Accrued Costs."—An offer for judgment in favor of the plaintiff in an action for a specified sum and "accrued costs," is a substantial compliance with the provisions of Gen. St. 1878, c. 66, §. 259. Upon the acceptance of such offer as provided by the statute, the plaintiff's right to enter judgment carries with it the costs lawfully taxable to carry the offer into effect.

Appeal by defendant from a judgment of the district court for Blue Earth county, which included costs for plaintiff, the same having been allowed by Severance, J., on appeal from the clerk's taxation.

*Wm. N. Plymat, M. E. Berry,* and *Collester & Foster,* for appellant. *Alfred E. Hawes,* for respondent.

VANDERBURGH, J. The complaint was for trespass to real property, and claimed damages in the sum of $300. A few days after the action was brought, the defendant served upon the plaintiff an "offer to allow judgment to be taken against him for the sum of fifty dollars

and accrued costs." The offer was not accepted, and at the trial the jury found a verdict for fifty dollars in plaintiff's favor.

The question arises whether, upon this verdict and under the offer, the plaintiff is entitled to costs, or must pay defendant's costs. The plaintiff claims that the terms of the offer are insufficient under the statute (Gen. St. 1878, c. 66, § 259) in respect to costs, inasmuch as it is an offer for judgment for the sum named and "accrued costs," instead of "with costs." But we do not think there is any substantial difference between these terms as applied to the facts of the case. Unlike the case of a tender, the defendant evidently contemplated the entry of judgment upon the offer, and the allowance of such costs as would legitimately follow such entry and be included therein. Upon the acceptance of the offer, the right to judgment accrued, and with it the costs lawfully taxable upon the entry thereof; that is to say, the costs of carrying the offer into effect if accepted. *Holland* v. *Pugh*, 16 Ind. 21; *Keller* v. *Allee*, 87 Ind. 252. The offer, we think, could not have misled the plaintiff, or have have been reasonably understood to mean the trifling disbursements already incurred, leaving the plaintiff to carry out the offer at his own expense and charges.

Judgment reversed, and cause remanded, with directions to tax costs in defendant's favor.