GAGE E. TARBELL and another *vs.* FARMERS' MUTUAL ELEVATOR COMPANY.

November 14, 1890.

**Receipt and Contract in One Instrument—Parol Evidence to Vary.**
Where a writing embraces both a receipt and a contract, the contract cannot be varied by parol, any more than if it were in a separate instrument. Contract construed.

**Demand—Refusal on Ground Specified—Waiver of Other Grounds.**
A refusal to deliver property placed exclusively upon a ground other than the non-payment of charges on it amounts to a waiver of a tender of such charges.

Plaintiffs, as holders of the receipts or "tickets" described in the opinion, brought this action in the district court for Polk county, to recover for the conversion of the wheat called for by such receipts. The complaint alleges the delivery of the wheat (4,419 bushels) by plaintiffs to defendant at its warehouse, the grading of the wheat by defendant, (part as "No. 3 Northern" and the rest as "Rejected,") and the issue of the receipts by defendant describing the wheat in accordance with such grading, and that the wheat was all of the grades so fixed by defendant. The complaint further alleges a demand (accompanied by an offer to pay all charges) that defendant deliver the grade of wheat called for by all the receipts, or at its option pay plaintiffs the market price in money for the grade and amounts of wheat called for by the receipts, less elevator charges, and a refusal by defendant to do either of the things demanded. In its answer the defendant denies the conversion and denies that plaintiffs ever offered to pay the elevator charges, or that defendant ever refused to deliver to plaintiffs the wheat actually received from them; and it further alleges, among other things, that the wheat delivered to it by plaintiffs was of very inferior quality, not good enough to have any grade, and was what is called "No grade wheat;" that at plaintiffs' request the wheat received from them was stored by itself in special and separate bins, where it has ever since remained, and defendant has

never refused, but has always been ready and anxious, to deliver it to plaintiffs or as they should direct. The answer also alleges frequent requests by defendant that plaintiffs pay the charges for storage, etc., and contains a counterclaim for the amount of such charges. At the trial, before *Mills*, J., the defendant offered evidence to prove that the wheat actually delivered by plaintiffs was of the quality described in the answer and not of the grade described in the receipts. The evidence was excluded, on plaintiffs' objection, and the defendant excepted. There was conflicting evidence as to whether the wheat delivered by plaintiffs was kept in bins by itself and was still in the elevator. The court instructed the jury that if, at the time of plaintiffs' demand, the defendant had in its possession in its elevator the identical wheat delivered by plaintiffs, and then offered to deliver such wheat to plaintiffs on payment of charges, the plaintiffs could not recover; but if defendant did not have the identical wheat, it was bound to deliver or pay for a grade of wheat like that shown in the tickets—to the latter branch of which instruction the defendant excepted. The jury returned a verdict of $2,205 for plaintiffs, and, in answer to special questions, found that defendant did not have in its elevator, at the time of plaintiffs' demand, the same wheat that the plaintiffs had delivered to it, and did not, at the time of the demand, offer to deliver to plaintiffs the same wheat delivered by them, and did not inform plaintiffs that it had the same wheat delivered to it by them. The defendant appeals from an order refusing a new trial.

*D. D. Williams*, for appellant.

*A. A. Miller*, for respondents.

MITCHELL, J. Upon delivery by plaintiffs to defendant (a warehouseman) of certain quantities of wheat, the latter executed to the former instruments called "tickets," all of similar tenor, the material provisions of which are as follows:

"Received for account of Tarbell & Buffington, or bearer, [number] bushels of No. [grade] wheat. Storage and insurance for each thirty days, or fractional part thereof, 1 cent per bushel.

"* * * The conditions on which this wheat is received at this elevator are that the above-named company has the option either to

deliver the grade of wheat *that this ticket calls for*, or to pay the bearer the market price in money for the same, less elevator charges, on surrender of this ticket."

The dispute between the parties is as to what grade of wheat plaintiffs are entitled to on these tickets, their contention being that they are entitled to the grade named in the tickets, without regard to the grade of the wheat they delivered, while the defendant contends that it is only required to return the identical wheat deposited with it or other wheat of the same grade, although lower than the grade named in the tickets. Upon the trial they offered parol evidence as to the actual grade of the wheat deposited with it, which was excluded by the court.

This instrument embraces both a receipt and a contract. The first part of it is merely a technical receipt, while the last part, particularly that called "conditions," is a contract. Where an instrument thus embraces both a receipt and a contract, the receipt, like any other, is open to variation by parol, while the contract is as much guarded against such variation as if in a separate instrument. It is also true that the statements in the first, or receipt, part of this instrument as to the quantity and quality of the grain, are to be taken as a part of the receipt, and not as stipulations of a contract, unless made such by adoption by reference in the latter or contract part of the instrument. Hence, had the instrument consisted merely of a warehouse receipt, thus creating a mere contract of bailment, its statements as to the grade of the grain could, as between the original parties, have been contradicted by parol, and defendant could have discharged itself of liability by returning the identical grain received by it, or, if such was the agreement of the parties, by delivering other grain of the same grade, which, under our statute, (Gen. St. 1878, *c.* 124, § 13,) might have constituted a bailment, and not a sale. But the latter part of the instrument is a contract, and cannot be varied by parol. Hence the whole case comes down to a question of the construction of its language. One view that might be urged is that what the parties intended was simply a contract of bailment, with an option by defendant to buy, (in which case it would remain a bailment until the option was exercised,) and that

what was meant by the "same grade that the ticket calls for" was merely the grade which the defendant would be bound to deliver on the tickets on a contract of bailment, which would be the grade actually received. Considering the nature of the transaction, and looking at the entire instrument, I am inclined to think that this is what the parties meant, and am not satisfied that their language is not susceptible of this construction. But the majority of the court are clearly of the opinion that the writing constitutes a positive and unconditional contract to deliver the grade of wheat called for or named in the receipt, (which is thus by reference adopted and made a part of the contract, as much as if repeated in it,) without reference to what might have been in fact the grade of the wheat received by defendant, and that to admit parol evidence as to the grade of the latter would be to vary the written contract. Under this construction of the contract, the trial court was right in excluding the parol evidence offered, and committed no prejudicial error in charging the jury that, if the defendant did not have on hand the identical wheat received by it, it was bound to deliver wheat of the grade named in the tickets. From this it may logically follow that the court erred in charging the jury in effect that, if defendant had on hand the identical wheat received by it, it had a right to return it on its contract, although not of the grade named in the tickets. But this, if error, was in favor of the defendant. The jury found that the defendant did not have the identical grain on hand, and we think the evidence is sufficient to support this finding.

It is claimed, however, that plaintiffs were not entitled to recover, because they had neither paid nor tendered the storage charges. It is clear from the evidence that, on the occasion of the demand, the parties never got as far as the question of charges. The whole dispute was as to the grade of wheat that plaintiffs were entitled to, they claiming and demanding the grade named in the tickets, while defendant claimed the right to return the identical wheat delivered to it, or other wheat of the same grade, although lower than that named in the tickets. Defendant's refusal to comply with plaintiffs' demand was evidently predicated wholly upon this ground, and not of non-payment of charges, which were not once referred to. This

amounted to a waiver of a tender of the charges, within the doctrine of *Wallace* v. *Minn. & Northern Elevator Co.*, 37 Minn. 464, (35 N. W. Rep. 268.)

Order affirmed.