[1] Reported in 262 N.W. 209.
Action against the estate of Pefer Delva, deceased, to recover $5,000. Claimant, Michael Delva, is one of ten surviving children. By his will Peter Delva bequeathed $3,000 to each of his five daughters and separate tracts of land in Wabasha county, Minnesota, to each of four sons. Michael received nothing under the will except an undivided share with the other nine children in a certain piece of realty located in Spokane, Washington. It appears that in June, 1915, Peter deeded Michael and his wife the farm on which they now live. The consideration recited in the deed was $5,000, which was paid to Peter by Michael's wife. Michael now seeks to recover $5,000 as compensation for labor performed prior to his marriage and after his majority. He claims that this farm was deeded to him by his father to compensate him for ten years' services which he had rendered his father prior to his father's death and that the $5,000 which his wife paid his father was merely a loan which his father promised to repay upon death. Claim was duly made to the probate court and was disallowed. The case was then tried de novo in the district court to a jury, who returned a verdict against claimant, Michael Delva. From a denial of his motion for a new trial, he takes this appeal.
1. The claimant contends that the court erred in admitting evidence of the value of the farm deeded to claimant and his wife at the time Peter received the $5,000 from Michael's wife. We see no error in this. The recital of the amount of the consideration in the deed was not contractual. It was a mere acknowledgment of *Page 194 
receipt, and it was competent for the respondent to show the excess value of the land over the money received, in support of his theory that the excess equalized or more than equalized Michael with his brothers in sharing his father's property and that there was no reason for a promise on the part of Peter that Michael should be compensated further.
2. The conversations in which Peter indicated his intention in regard to Michael were admissible as showing Peter's intent that the excess value was to be given to Michael in lieu of a provision similar to that made for the other children and that Michael's work was no more to be paid for than was theirs. His statements indicated clearly that what he might give or leave his children was all the compensation they were to receive for such services is they had or might render. Fender v. Foust,82 Mont. 73, 88, 265 P. 15. The last conversation which occurred after the deed was given was in no way prejudicial.
The evidence of Michael's two brothers that they received no compensation for work done for their father was objected to as incompetent, not as immaterial.
3. Evidence that Michael gave his note for money subsequently borrowed was admissible as showing a condition of affairs inconsistent with a debt owing by his father to him.
4. It may be that the court in its supplemental charge over-emphasized respondent's theory of the case, but no assignment of error on this part of the charge was incorporated in the motion for new trial. On the hearing of that motion there was evidently some discussion of the instructions with reference to value, but the court's memorandum does not indicate that the matter now complained of was presented to it by consent.
There is grave doubt whether any verdict for the claimant could be sustained on the record. The claimant's case rests on the testimony of his wife, which scarcely supports his contention that the father agreed to give claimant $5,000 as compensation for services previously rendered.
The order appealed from is hereby affirmed. *Page 195