## McCARTHY'S ST. LOUIS PARK CAFE, INC. v. MINNEAPOLIS BASEBALL & ATHLETIC ASSOCIATION.

104 N. W. (2d) 895.

July 22, 1960—No. 37,896.

*Clarence O. Holten* and *James S. Eriksson,* for appellant.
*Thompson, Hessian, Fletcher & McKasy,* for respondent.

DELL, CHIEF JUSTICE.

Appeal from the judgment of the district court.

This proceeding arose out of an action: (a) To rescind an agreement and cancel a deed of conveyance executed pursuant thereto and

to require defendant to execute appropriate instruments so as to revest in plaintiff title to the real estate involved herein; or, in the alternative, (b) to reform said deed so as to restrict the use of said real estate.

It appears from the record that plaintiff was engaged in the operation of a restaurant and an on- and off-sale liquor establishment on Wayzata Boulevard, west of Highway No. 100. Defendant was the owner of a professional baseball team and was engaged in the business of exhibiting baseball games.

Defendant desired a site for the erection of a new baseball stadium. On December 10, 1948, plaintiff and defendant entered into a written agreement under which, among other things, plaintiff promised to sell and defendant promised to purchase for $35,000 approximately 15 acres of land lying directly south of plaintiff's restaurant, across Wayzata Boulevard. The agreement further provided for a restrictive covenant in the warranty deed to be executed precluding defendant from operating a restaurant or liquor establishment and from selling food or liquor, except such as might ordinarily be sold at baseball games and other sport events. Subsequent to the signing of the agreement, defendant paid the balance of the purchase price and plaintiff executed a warranty deed containing the restrictive covenant mentioned.

Defendant has not erected a stadium on the premises; the land remains vacant and unimproved.

The district court found, as is pertinent to this appeal, the following:

"4. During the Fall of 1948, to and including December 10 of that year, plaintiff and defendant carried on negotiations with each other for the sale by the former to the latter of the land described in Paragraph 1 hereinabove.

"5. During the course of the negotiations referred to in Paragraph 4 hereinabove,

"a. Defendant represented to plaintiff that defendant's state of mind was that defendant intended to use said land for the construction and operation of an athletic stadium. There was no representation by defendant that its state of mind was otherwise or more specific, nor was there a representation by defendant that its intent to build was

subject to no contingencies except the acquisition of certain land and the obtaining of certain municipal authority.

"b. Defendant's representation was true in that its state of mind was in fact as represented.

"c. Plaintiff did not reasonably believe that defendant's state of mind was other than as set forth hereinabove.

"6. During the course of said negotiations, defendant did not orally promise to plaintiff that defendant would erect and operate an athletic stadium on said land.

"7. At the conclusion of said negotiations, on December 10, 1948, plaintiff and defendant entered into a written contract, under which, among other things, plaintiff promised to convey said land to defendant for the purchase price of $35,000. A copy of said agreement is attached hereto as Exhibit A and by this reference thereto made a part hereof. This written instrument was an integration of all of the oral agreements theretofore made between the parties. There was no agreed consideration for the conveyance of said land other than the payment of $35,000.

"8. There was no unilateral mistake by plaintiff nor any mutual mistake by the parties as to any material fact in connection with the execution of said written contract.

"9. The parties hereto did not enter into any agreement or contract, oral or otherwise, other than the written contract referred to in Paragraph 7 hereinabove.

"10. On April 22, 1949, plaintiff executed and delivered to defendant a warranty deed to said land. A copy of said deed is attached hereto as Exhibit B and by this reference thereto made a part hereof.

"11. Defendant paid to plaintiff the full purchase price of $35,000 for said land.

"12. Defendant obtained municipal authorization to use said land for the construction and operation of a baseball and athletic stadium and made preparations therefor, in the course of which it spent sums of money for drawings and specifications.

"13. In 1955 defendant abandoned its intention to construct and operate an athletic stadium on said land. Defendant has not constructed an athletic stadium thereon, and said land has remained vacant."

■ This case was tried to the court without a jury. When an action is thus tried, the court's findings of fact are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence. 1 Dunnell, Dig. (3 ed.) §§ 410, 411, and cases cited.

The trial court concluded:

"1. There was no failure of consideration on the part of defendant in connection with the transaction described hereinabove.

"2. There was no fraud on the part of defendant toward plaintiff in inducing the execution of the written contract and deed described hereinabove.

"3. There was no unilateral or mutual mistake as to any material fact with respect to said written contract.

"4. Plaintiff is entitled to neither rescission nor any other relief as against defendant.

"5. Defendant is entitled to judgment in its favor with respect to plaintiff's claim, together with judgment against plaintiff for its costs and disbursements herein."

Upon a thorough review of the record here, and under the principle in L'Evesque v. Rognrud, 254 Minn. 55, 93 N. W. (2d) 672, and St. Nicholas Church v. Kropp, 135 Minn. 115, 160 N. W. 500, we believe the evidence reasonably supports the findings and conclusions of the trial court.

■ Plaintiff also urges a reversal on the grounds that numerous rulings of the court on the introduction of evidence limited the testimony to such an extent as to deprive the court of testimony of surrounding circumstances and objectives; also, that it deprived the court of direct evidence demonstrating what plaintiff's beliefs were, its reliance upon defendant's representations, and that such beliefs and reliance were reasonable. Upon the review of the exclusions we believe that such testimony was merely cumulative. It is within the discretion of the trial court to limit the undue introduction of cumulative evidence. Mitton v. Cargill Elev. Co. 124 Minn. 65, 144 N. W. 434; Johnson v. Crookston Lbr. Co. 92 Minn. 393, 100 N. W. 225. The fact that the agents, stockholders, and officers of the plaintiff were

permitted to testify directly as to their beliefs and facts they considered in selling the property certainly negates any proposition that the court was deprived of evidence on the issue. Under the record here, we find no abuse of discretion.

■ Although not urged in plaintiff's brief as a ground for a reversal, the subject embodied in the first conclusion of law and the sixth finding of fact of the trial court was discussed on oral argument and merits attention here.

With respect to its first conclusion, the trial court determined that there was no failure of consideration on the part of the defendant. It appears from the memorandum of the trial court that this conclusion is based primarily upon the inability of the plaintiff to prove an oral promise on the part of the defendant to build an athletic stadium inasmuch as the parol-evidence rule renders any such evidence inadmissible.

Where a writing is unambiguous and is an integration of the oral agreements of the parties, parol evidence of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the written terms thereof. 7 Dunnell, Dig. (3 ed.) § 3368.

■ At first glance it may be thought that the covenants in the deed and the provisions in the earnest money contract render the documents ambiguous and therefore constitute an exception to the parol-evidence rule. 7 Dunnell, Dig. (3 ed.) § 3397. However, the exception to the parol-evidence rule does not allow the introduction of parol evidence to vary the language employed, but merely to explain the sense in which the writer understood it. It may be received as an aid in interpreting, but not to modify or add to, the provision of a contract. 7 Dunnell, Dig. (3 ed.) § 3400.

These covenants precluded the grantee, defendant, from keeping or permitting "intoxicating liquors or foods for commercial sale other than is usually incident to the operation of ball parks, athletic contests of all kinds, circuses and exhibitions, *nor shall any on-or-off sale liquor establishment of any kind or description be operated, permitted or kept on said premises, nor shall any restaurant where food is served to the public be maintained or operated on said premises, or in any building erected thereon,* provided, however, nothing herein contained

shall prohibit the use of said premises for the preparation, serving and sale of beer, food and refreshments of all kinds incident to and usually prepared, served and sold in connection with the operation or conduct of ball parks, athletic contests of all kinds, circuses and other exhibitions of any kind or description. The sale of all of the foregoing is hereby expressly permitted." (Italics supplied.)

We do not believe that the exception to the parol-evidence rule which involves ambiguous provisions would allow proof of a promise that a baseball stadium would be erected or that a covenant should be included restricting the use of the property to the erection and maintenance of a baseball stadium. We do not believe that there is any ambiguity here which requires a construction that part of the consideration was the erection of a baseball stadium.

Upon a careful reading of the covenants it is apparent that in no event "shall any on-or-off sale liquor establishment of any kind or description be operated, permitted or kept on said premises, nor shall any restaurant where food is served to the public be maintained or operated on said premises, or in any building erected thereon, * * *." However, refreshments could be sold if "usually prepared, served and sold in connection with the operation or conduct of ball parks, athletic contests of all kinds, circuses and other exhibitions of any kind or description." This protects plaintiff from the competition of a similar business, which is the main reason it had previously retained this property.

The exception to the parol-evidence rule would allow, however, under the circumstances here, parol evidence to show the status of the parties in order to give insight into what they meant by the term "other than is usually incident to the operation of ball parks * * *," or "incident to and usually prepared, served and sold in connection with the operation or conduct of ball parks, athletic contests of all kinds, circuses and other exhibitions of any kind or description." The fact that plaintiff was concerned about competition for its existing business would certainly lend insight in construing what activity the covenants did preclude or allow.

■ Under certain circumstances the recitation of the consideration in a deed does not exclude proof by parol evidence of another or

different consideration. This is on the theory that it is a mere acknowledgment of receipt. Such proof is excluded, however, where the consideration is of a contractual nature. See, Roske v. Ilykanyics, 232 Minn. 383, 45 N. W. (2d) 769; In re Estate of Delva, 195 Minn. 192, 262 N. W. 209; Thiem v. Eckert, 165 Minn. 379, 206 N. W. 721.

■ Where a writing embraces both a receipt and a contract, the contract cannot be varied by parol evidence any more than if it were in a separate instrument. Tarbell v. Farmers' Mutual Elev. Co. 44 Minn. 471, 47 N. W. 152. Under the circumstances here the consideration recited in both the earnest money contract and the deed consisted of the payment of a sum of money plus a covenant restricting the use of the property. See, 21 C. J. S., Covenants, § 1, defining the nature of a covenant as contractual.

Clearly, then, under this principle the covenants cannot be varied by parol proof. Thiem v. Eckert, *supra*. However, does the fact that part of the consideration is in the nature of a receipt allow parol proof of another and different contractual consideration? We do not believe so. Such an interpretation would allow contracting parties to vary and add to the consideration of a contract by parol by merely inserting as a part of the consideration a receipt of a sum of money. Bakke v. Keller, 220 Minn. 383, 19 N. W. (2d) 803; Jimmerson v. Troy Seed Co. 236 Minn. 395, 53 N. W. (2d) 273; 9 Wigmore, Evidence (3 ed.) § 2433; 6 Thompson, Real Property (Perm. ed.) §§ 3231, 3235; 32 C. J. S., Evidence, § 950, note 44.

■ Here we do not even believe it is proper to resort to the earnest money contract to ascertain the contractual consideration where the deed itself contains contractual obligations, since in the absence of fraud or mistake a merger occurs when a deed is executed and accepted in performance of an executory contract to convey, and thereafter the rights of the parties depend exclusively on the deed. 20 Dunnell, Dig. (3 ed.) § 10019. We recognize that it has been held that the merger rule does not apply to consideration. Devine v. Lewis, 38 Minn. 24, 35 N. W. 711. However, an analysis of the Devine case discloses there that the deed did not include any contractual consideration. The reasoning for excepting consideration from the merger rule was based upon the principle that (38 Minn. 26, 35 N. W. 712):

"* * * the receipt or acknowledgment therein [in deed], reciting the consideration, is open to explanation as much as an independent receipt, which may be explained or contradicted, because it is simply *evidence* of the fact of payment."

The exception to the merger rule should not be extended beyond the Devine case to include contractual consideration as well in the absence of fraud or mistake.

■ Another theory under which parol proof of a promise to erect a stadium would be excluded involves the concept that the written contract or deed constituted a written integration of the oral stipulations of the parties. Jimmerson v. Troy Seed Co. *supra.* The evidence here indicates that there was some discussion of the erection of a baseball stadium under a proposed provision that the land be improved by the erection of a stadium with a right in the seller to repurchase if the land were not so improved. However, such a provision was not embodied in either document. This provision, we believe, would ordinarily be expected to be included in the writing. Consequently, parol evidence to prove such a provision would be inadmissible under this theory alone. Taylor v. More, 195 Minn. 448, 263 N. W. 537; see, also, 9 Wigmore, Evidence (3 ed.) § 2430.

It is significant to note that we are not involved here with the usual case where a deed is delivered absolute on its face or property acquired and placed in joint tenancy in exchange for a promise to support. See, Dietz v. Dietz, 244 Minn. 330, 70 N. W. (2d) 281. Rather we are involved here with a situation where the parties were experienced in business and considerable negotiation preceded the execution of the earnest money contract and the deed. According to the plaintiff's real estate agent, a commitment to build a stadium as part of the consideration was even included in a memorandum preliminary to the earnest money contract at an early stage of the negotiations.

Although the plaintiff here may suffer hardship as a result of the finality of this conveyance, to allow parol evidence to be introduced under the circumstances here would be in direct violation of the very function of the parol-evidence rule. Since no mistake or fraud was

found here, if parol evidence were admissible here to vary or add to the contractual consideration recited, then it would be admissible pursuant to any conveyance where the party's intentions were disclosed prior to the transfer, contractual provisions were stated in the deed, and due to a failure to carry out that intention possible benefits could not be received. Such an interpretation would jeopardize and abrogate the long-settled rule respecting the sanctity and finality of a deed which "is and should be one of the most sacred and binding agreements made between men." Bond v. Hewitt, 111 Fla. 180, 187, 149 So. 606, 608.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.