**CASTILLO I. RICHARDS, Administrator of the Estate of JUANCITO RICHARDS, Deceased, Appellant**

v.

**EDWARD POWER BOYD**

# No. 14,891

# United States Court of Appeals

### Third Circuit

# Argued January 26, 1965

# Decided April 29, 1965

*See, also, 344 F.2d 754*

GEORGE H. T. DUDLEY (DUDLEY, HOFFMAN & GRUNERT),
Charlotte Amalie, Virgin Islands, *for appellant*

WILLIAM W. BAILEY (BAILEY & WOOD), Charlotte Amalie,
Virgin Islands, *for appellee*

Before MARIS, McLAUGHLIN and FREEDMAN, *Circuit Judges*

MARIS, *Circuit Judge*

This is an action brought in the District Court of the Virgin Islands by the plaintiff, Juancito Richards, since

deceased and for whose estate Castillo I. Richards now appears as administrator, against the defendant Edward Power Boyd to recover the unpaid balance of the purchase price of $30,000 for 43.5 acres of land comprising Parcel 1, Estate Bethany, Cruz Bay Quarter, St. John, which the plaintiff conveyed to the defendant by deed dated November 10, 1960. The defendant's answer denied the indebtedness alleged and set up as an additional defense an alleged accord and satisfaction. The deed in question recited that the conveyance was "for and in consideration of the sum of Thirty Thousand Dollars ($30,000) and other valuable considerations, the receipt of which is hereby acknowledged". It is undisputed that prior to the commencement of the suit the defendant had paid to the plaintiff only $4,100.00 of this amount.

After the commencement of this suit the defendant prepared and the plaintiff, against the advice of his counsel, signed an agreement under which the plaintiff's claim for the remaining purchase price was to be settled by the payment of $5,000.00 and the discontinuance of this suit. The additional payment of $5,000.00 was made but the discontinuance was not pressed and the action went to trial on the merits. At the trial the defendant testified to a verbal agreement between the parties, which the plaintiff denied, to the effect that the consideration for the sale was to be only $5,000.00 in cash payable to the plaintiff and that the balance of the consideration of $30,000.00 stipulated for in the deed was to take the form of expenditures of money by the defendant for road improvements and subdivision surveys after he acquired the property. There was testimony that the defendant had expended over $25,000.00 for such improvements to and surveys of the property. It was not explained, however, how these expenditures could benefit the plaintiff who had no interest in or lien upon the property when they were made. There was evidence that the

market value of the property in its unimproved state in 1960 was between $26,100.00 and $43,500.00. The district court found for the defendant both as to the consideration for the conveyance and as to the accord and satisfaction and entered judgment for the defendant. The plaintiff thereupon appealed.

The judgment must be reversed. Under the Virgin Islands Statute of Frauds, 28 V.I.C. § 242, "Every contract . . . for the sale of any lands, or any interest in lands, shall be void unless the contract or some note or memorandum is in writing, and signed by the party to be charged, or by his lawful agent under written authority." It is clear, under the statute, that the alleged oral agreement between the parties for the sale of the land for $5,000.00 in cash and $25,000.00 in improvements to be made by the defendant to the property after he acquired it was wholly void. Evidence as to it was, therefor, inadmissible and incompetent to support the court's findings with respect to the consideration for the sale. Moreover, evidence of the alleged oral agreement as to the sale price was also inadmissible under the parol evidence rule. For under that rule, which is also known as the rule of integrated contracts, the parties are conclusively presumed to have incorporated their entire agreement in the written instrument which they have signed, in this case the deed which was subsequently executed, the contractual terms of which may not be varied by evidence of prior oral understandings of a different character. Frenzer v. Frenzer, 8 Cir. 1924, 2 F.2d 218, 221; Restatement, Contracts, § 237; 32A C.J.S. Evidence § 850; 20 Am. Jur. Evidence § 1099. Accordingly in the present case the only competent evidence as to the sale price which the parties had agreed upon was the stipulation in the deed that it was to be $30,000.00. This statement of consideration contained in the deed, being contractual in nature, was not subject to modification by parol evidence. Wheeler,

Kelly & Hagny Inv. Co. v. Curts, 1944, 158 Kan. 312, 147 P.2d 737; McCarthy's St. Louis Park Cafe v. Minneapolis B. & A. A., 1960, 258 Minn. 447, 104 N.W.2d 895; Annotation 100 A.L.R. 17, 33.

██ ██ It is true that the deed also recited the receipt by the plaintiff of the $30,000.00. But the rule excluding parol evidence to vary or contradict the contractual stipulation in a deed as to the amount of consideration does not apply to the recital of the receipt of the consideration since that recital is not contractual in character even though it is contained in the deed. Such a recited receipt may accordingly be contradicted by showing that the money stated to have been received, or part of it, was not in fact paid. Watson v. Blaine, 1824, 12 Serg. & R. (Pa.) 131; Mills v. Allen, 1890, 133 U.S. 423, 33 L.Ed 717; Barbee v. Barbee, 1891, 108 N.C. 581, 13 S.E. 215; Shehy v. Cunningham, 1909, 81 Ohio St. 289, 90 N.E. 805; 32A C.J.S. Evidence § 926; 16 Am. Jur. Deeds § 438. Here the defendant conceded that he had paid the plaintiff only $9,100.00, $4,100.00 before and $5,000.00 after the commencement of the suit.

██ It is thus clear that the district court should have entered judgment in favor of the plaintiff for $20,900.00, unless the plaintiff was precluded from recovery by his acceptance of $5,000.00 by way of accord and satisfaction of his claim. We do not think that his acceptance of that payment bars his claim. For the payment of a lesser sum cannot effect an accord and satisfaction of a liquidated debt in a greater amount which is clearly due and owing to the creditor. Fire Insurance Association v. Wickham, 1891, 141 U.S. 564, 577, 35 L.Ed. 860, 866; Sigler v. Sigler, 1916, 98 Kan. 524, 158 P. 864, 866; New York Life Ins. Co. v. MacDonald, 1916, 62 Colo. 67, 160 P. 193; Barry v. Caplin, 1920, 73 Pa. Super. 487, 489; 1 C.J.S. Accord and Satisfaction § 26. Accordingly the plaintiff's receipt of $5,000.00 when $25,900.00 was owing did not operate to cancel the

remaining debt of $20,900.00. As to this sum he was entitled to judgment and the district court accordingly erred in dismissing the complaint.

The judgment of the district court will be reversed and the cause will be remanded with directions to enter judgment in favor of the plaintiff and against the defendant for $20,900.00 with interest, costs and a reasonable attorney's fee.