IN RE APPLICATION OF MICHAEL A. CORNELL
TO REGISTER TITLE TO LAND v.
UNKNOWN HEIRS OF MARY WALIK.
JULIA DUSSAULT, APPELLANT.

235 N. W. 2d 828.

November 14, 1975—No. 45122.

*Babcock, Locher, Neilson & Mannella, James M. Neilson,* and *John M. Burke,* for appellant.

*Bailey, Howard & McRoberts* and *Paul D. McRoberts,* for respondent.

KELLY, JUSTICE.

Michael A. Cornell applied to have the title to certain real property in Hennepin County registered in his name as fee owner. Appellant, Julia Dussault, appeared and claimed to be the fee owner for an undivided interest in the subject property. Cornell's claim was based on a deed given to him by Andrew Walik in 1956 who had purchased the property, in his name only, by contract for deed from the then owners of record. However, the deed given to Andrew Walik in 1927 pursuant to that contract ran to Andrew Walik and Mary Walik, his wife, as joint tenants and not as tenants in common. Mary Walik died in 1955. Julia Dussault asserts that this deed created a tenancy in common and not a joint tenancy with rights of survivorship and that as one of two surviving children of Mary Walik, she should be the fee owner of an undivided one-fourth interest and that Cornell was the fee owner of only an undivided one-half interest. The matter was referred to a referee who found, inter alia, that under the facts and circumstances in this case the 1927 deed to the Waliks created a valid joint tenancy and that upon the death of Mary Walik, Andrew Walik became the sole owner and the subsequent conveyance to Cornell made him the sole fee owner of the property. The district court adopted these findings and ordered that the property be registered in Cornell's name as the owner in fee simple. We affirm.

We discuss only one issue raised on this appeal because our decision on it is dispositive. That issue is: Under the facts in this case, was a valid joint tenancy created by the 1927 deed given to Andrew Walik and Mary Walik pursuant to a contract for deed in which Andrew was named as sole vendee?

Appellant's contention that a joint tenancy was not created is founded on the common-law doctrine that for the creation of such an estate the four unities of time, title, interest, and possession must exist. Minnesota has echoed this requirement in a number of cases. Peterson v. Lake City Bank & Trust Co. 181 Minn. 128, 231 N. W. 794 (1930); Greiger v. Pye, 210 Minn. 71,

297 N. W. 173 (1941); Gau v. Hyland, 230 Minn. 235, 41 N. W. 2d 444 (1950); and Snyder v. Snyder, 298 Minn. 43, 212 N. W. 2d 869 (1973).

However, this court in Pappas v. Pappas, 287 Minn. 100, 177 N. W. 2d 401 (1970), departed from that rule.[1] In Pappas, we

---

[1] There should be no regrets over this departure from the concept of the four "unities." That doctrine was apparently adopted through fiction with the purpose of restricting the presumption favoring joint tenancies over tenancies in common. See, Swenson & Degnan, *Severance of Joint Tenancies,* 38 Minn. L. Rev. 466, 504. As pointed out in that article:

" 'Unities' may have had value at one time but they are useless concepts today. The standard explanation for the requirement is that all of the joint tenants were regarded in the eyes of the law as but one individual, who owned from the time 'he' acquired title until the last survivor died. Somehow it is thought that this fiction of 'oneness' would be too transparent if title, for example, were acquired by co-owners at different times. Yet a single individual may acquire part ownership of a tract at one time and the rest later; hardly anybody supposes that he must therefore be two persons. Little justification is ever given for the existence of the four unities rule; the tendency is to attribute it to blindness on the part of the common law lawyers. Whatever the reasons for the rule may be, these are the results: if one of the unities is lacking at the time two persons become co-owners, they are tenants in common rather than joint tenants; if one of the unities is destroyed after the estate has been created, the joint tenancy is thereby destroyed and they become tenants in common." (38 Minn. L. Rev. 503.)

Here the unity of time is missing as Andrew Walik had an equitable interest under a contract for deed before Mary Walik acquired a claim to any interest. 4A Powell, Real Property, § 616, p. 669.

Several states have disregarded the application of the unities requirement. 4A Powell, Real Property, § 616, p. 670. In Cleaver v. Long, 69 Ohio L. Abs. 488, 494, 126 N. E. 2d 479, 483 (1955), a case somewhat similar to the case at bar, the court stated: "Although some courts over the United States have taken the technical view, I believe the weight of authority is that such view must yield to the intention of the parties. The right of survivorship is from the viewpoint of a layman the principal characteristic of a joint tenancy. Particularly where the layman specifically uses proper words of survivorship in his deed, and the logic

held that the fact that an earnest money contract refers to only one vendee does not invalidate a deed if the original grantee intelligently acquiesced in the deviation from the term of the contract and his joint tenant accepts the conveyance. The Pappas case was relied on by the court below in arriving at its decision that under the facts in this case a valid joint tenancy was created by the 1927 deed to the Waliks. The reasoning which led to this conclusion is set out in the helpful memorandum of Referee Richard W. Edblom:

"* * * In the instant case it may be presumed that Mary Walik accepted the deed running to her and Andrew Walik as joint tenants; if she did not accept this deed she would have no interest in the property whatsoever. Further, intelligent acquiescence in the deviation from the terms of the contract for deed by Andrew Walik is clearly demonstrated by his execution of the standard joint tenancy clearance instruments after the death of his wife. Thus it appears that the decision in the instant situation is controlled by the Pappas case with the result that the applicant, Michael Cornell, is the sole owner of the land he seeks to register in this proceeding."

Appellant asserts that if the 1927 deed did not create a valid joint tenancy, it created a tenancy in common. No authorities are cited in support of this proposition. We need not decide the correctness of that supposition but we do note that if Andrew Walik by accepting the 1927 deed inferentially approved the

---

of holding in such instances that a grantor had in mind the old common law 'four unities,' which I doubt incidentally if many legally trained persons can readily recite, amounts to pure absurdity."

In the instant case, as in Pappas, we are letting intention create survivorship despite an absent unity. In so doing, we are (1) following the trend of impinging upon old fictional concepts that have lost their usefulness and are (2) attempting to permit the intention of the parties to prevail. It is perhaps premature to do away with the "unities" doctrine as its usefulness may better be determined on a case-by-case basis.

same, we cannot presume that he would have approved had he known that the deed would be treated as one creating a tenancy in common. Conceivably, if he were advised that the deed in fact created a tenancy in common, he might have returned it and requested a deed running to him solely. In any event, there is no proof in this case that Mary Walik had any right to insist upon being named as either a joint tenant or as a tenant in common in the deed in question. We presume, however, that she accepted the deed because it was made for her benefit. See, 23 Am. Jur. 2d, Deeds, § 134.

Our conclusion that Andrew Walik by accepting the 1927 deed acquiesced in the deviation from the contract for deed is also supported by the rationale implicit in McCarthy's St. Louis Park Cafe, Inc. v. Mpls. Baseball & Athletic Assn. 258 Minn. 447, 104 N. W. 2d 895 (1960). In McCarthy's we held that when a deed is executed and accepted in performance of an executory contract to convey real estate, such contract becomes functus officio, and thereafter, in the absence of fraud or mistake, the rights of the parties depend exclusively on the deed. . .

Appellant seeks support for her position in Standard No. 52, Title Standards of Minnesota State Bar Association, Section of Real Property Law, which provides:

"Where there is a contract for deed in favor of A and later a deed is given to A and B as joint tenants, the examiner should not treat the conveyance as creating a joint tenancy in A and B."

The Title Standards were probably not intended to be a comprehensive treatise on Minnesota joint tenancy law but rather a set of guidelines to alert attorneys examining titles to items which affect the marketability of the title and call for some remedial action. This intent is reflected in the following statement of purpose preceding the Standards:

"The Standards are primarily intended to eliminate technical objections which do not constitute actual defects in the title and some common objections which are based upon misapprehension

194

of the law and also *to recognize as material certain defects* which experience has shown to be often overlooked or misunderstood by examiners." (Italics supplied.)

The case cited in the Standards, Greiger v. Pye, 210 Minn. 71, 297 N. W. 173 (1941), provides only limited support for the standard itself. In Greiger, the court noted *in dicta* the possibility that no joint tenancy had been created because there was no unity of possession—one grantee had held a life estate in the property at the time of conveyance. But the court then proceeded to concede for the sake of argument that there was a joint tenancy, and decided the case on the proposition that the joint tenancy had been severed by conveyance.

We conclude that Standard No. 52 does not support appellant's position but merely is a caveat to attorneys examining titles. The warning should be heeded because in this case, as in Pappas, the decision might conceivably have been to the contrary given different facts.

For the reasons given in this opinion, the decision of the trial court is affirmed.

Affirmed.